Strafford,
Feb. 2, 1943. } No. 3383.

Joseph Dube *v.* Thomas Robinson *& a.*

*Ovila J. Gregoire,* by brief, for the plaintiff.

*Hughes & Burns* and *Walter A. Calderwood, Jr.,* by brief, for the defendants.

Allen, C. J. I. The defendants appear to concede that four employees were engaged in service when the plaintiff was injured,

and one question is whether one of the defendants might be added to the number if he also was engaged in such labor at the time. They took exception to the charge that he might be, but the exception has not been transferred. However, the omission to transfer it is an obvious oversight as both parties have argued it in their briefs, and it is here considered in advance of an amendment to the case by which it will be transferred.

The act (R. L., c. 216) entitled in part as of "Employers' Liability," applies to "workmen engaged in the employments" described (*Ib., s.* 1), one of which employments is in "any industry, enterprise or business in which five or more persons are employed by a common employer, excepting . . . casual employees . . ." (*Ib., s.* 1, II). Thus the act speaks for itself in the requirement of at least five persons in employment such as the plaintiff was engaged in. A proprietor of a business cannot be his own employee, and hence cannot be counted to constitute one of the workmen necessary for the act to apply. In a partnership each partner is an agent of the others as well as a principal, but he is not in hire as an employee or workman. The fact that he may perform labor, even with the employees of the partnership and of the same kind as they perform, does not make him a servant of the other partners or of the partnership. Otherwise the singular result would ensue that in a partnership with a business in which the partners supplied their personal service all would be employed by each other in the conduct of the business and would be each other's fellow-servants.

The case of *White* v. *Company*, 90 N. H. 315, is here of no authority. It held that an officer of a corporation might perform service as a workman apart from that rendered in his official capacity. The legal entity of a corporation is not a group of its officers, while that of a partnership is composed of its members. A partner cannot act in any way for the partnership except as a member of it.

While statutory provisions may provide for a contrary result, the general rule in employers' liability and workmen's compensation acts is to deny any standing as an employee to a member of a partnership conducting a business. The defendant has cited annotations in 15 A. L. R. 1288 and 81 A. L. R. 644 in support of the rule. As said in *McMillen* v. *Commission*, 13 Oh. App. 310, (32 Oh. C. A. 285): "He was doing the work of the firm of which he was a member. The firm was the employer, and the plaintiff could not at the same time act in the dual capacity of employer and employee."

II. The evidence that at least five employees were in employment

314

and at work for the defendants when the plaintiff was injured is inconclusive. Even under the plaintiff's contention that the record shows no evidence to the contrary, the evidence required to sustain the burden of proof resting upon him falls short of complete demonstration. Evidence may lack credibility and be undeserving of acceptance although opposing evidence is not introduced. Volume and greater proportion of testimony are at times deficient in quality as proof, and the question ordinarily is, and here was, for the trier of facts to pass upon. This is in parallel with the rule that any substantial evidence in support of an issue entitles its submission to the trier, without regard to the contradictory evidence. Failure of the opposing evidence may increase the weight of the evidence introduced, but unless special circumstances not existing here are present, it does not change the issue of fact to matter of law.

III. If the motion to set aside the verdict and order judgment for the plaintiff comprehends a subsidiary motion to set aside the verdict and order a new trial, the denial of the latter motion is sustained. The evidence in support of the plaintiff's claim had no prevailing force sufficient to justify a ruling that the denial was arbitrary. It is far from a required finding that the jury were misled or failed to consider the evidence intelligently in passing upon its weight. The conclusion is reënforced by account taken of the evidence tending to show that excluding the partner no more than four persons were performing work at the time and that the evidence of the partner's engagement in labor "in the front shop" is doubtful.

*Judgment for the defendants.*

All concurred.