Coos,
May 2, 1950. } No. 3912.

GEDEON BOLDUC *v.* MARCALUS MANUFACTURING CO. *& a.*

*Arthur J. Bergeron* (by brief and orally), for the plaintiff.

*Hinkley & Hinkley* (*Mr. Walter D. Hinkley* orally), for the defendant.

LAMPRON, J. Defendant's position in its brief and in oral argument is (1) that plaintiff's present condition is not compensable; (2) that there was no evidence to support the finding that the plaintiff's earning capacity had been decreased by the accident; (3) that the award was not computed in accordance with the provisions of the act; (4) that the Court had no right to award a lump-sum.

There was ample evidence from which the Court could find that plaintiff's accident activated a previously dormant arthritic condition existing in his right knee and that this activation is the cause of whatever disability the plaintiff has since had because of arthritis. The defendant does not seriously contend that such activation did not take place but maintains that no disability resulted therefrom and that if such disability be found it is not compensable under the act.

Plaintiff was 50 years old at the time of the accident. He has been a woodsman since he was 18 years of age. He has no education and knows no other trade. As a cord cutter he could cut, on an average, about $2\frac{1}{4}$ cords per day for which he was paid at the rate of $5 per

cord or $67.50 for a six day week. The Court could properly find on the evidence that, since his accident and as result thereof, he can no longer cut by the cord, but is only able to work as a swamper for which he receives 65 cents an hour or $35.10 for a nine hour a day six day week. The doctors were in accord in their testimony that in his condition he is unsuited and unfit for hard and heavy work, such as cutting by the cord, as a permanent employment. The Court properly found that his ability to earn (*Carignan* v. *Company*, 95 N. H. 333) had been decreased by his accident, that he had incurred partial disability as a result thereof.

The defendant admits, and properly, that under the old act (R. L., c. 216) disability resulting from aggravations of pre-existing diseases or defects by accident arising out of and in the course of the employment were compensable. *Rivard* v. *McElwain Co.*, 95 N. H. 100; *O'Brien* v. *Manchester Yarn Mills*, 95 N. H. 118. And a pre-existing arthritic condition aggravated by an accidental injury, such as is the case here, would have come under that rule. *Horn* v. *Industrial Commission*, 68 Ariz. 323; *Pacific Employers Ins. Co.* v. *Industrial Accident Commission*, 206 P. (2d) 372; 4 Schneider, Workmen's Compensation (3d *ed*) s. 1305, *p*. 492. The defendant contends, however, that plaintiff is not entitled to recover under Laws 1947, c. 266, because his arthritis was not the direct result of his accident (1947 accident did not cause but merely activated his pre-existing arthritic condition) and because it is a disease which he had when he began his employment.

A careful reading of the old act (R. L., c. 216, s. 2) and a comparison of its language with that of the new act (Laws 1947, c. 266, s. 2, III) will reveal that their application to accidental compensable injuries does not differ materially. The old act as construed (*Guay* v. *Company*, 83 N. H. 392) imposed liability for accidental injury arising out of and in the course of the employment. The new act maintains as compensable personal injuries "accidental injury . . . arising out of and in the course of the employment . . . " and adds thereto certain specific diseases. The limitations on recovery are thereafter contained in said section such as: "It shall not include other diseases . . . unless they are the direct result of an accident arising out of and in the course of employment, nor shall it include a disease which existed at commencement of the employment . . . " In our opinion, these limitations are imposed on the added ground of recovery, namely occupational diseases so-called which were not compensable under the old act (*Thomson* v. *Company*, 86 N. H. 436), and do not in any way

limit recovery for accidental injury arising out of and in the course of employment which remains the same as in the old act. In other words they are not limitations upon the right to compensation for accidental injury but rather limit the added ground for compensation, namely, disease.

The Legislature having thus adopted in the new act the almost identical definition of accidental injury contained in the old act, the plaintiff's injury, compensable under the old act, is also compensable under the new. The judicial interpretation of the old act became an integral part thereof and under the rules of statutory construction would continue to be controlling under the new act, in the absence of weighty evidence that the Legislature did not intend to adopt such prior judicial interpretation. *Niemi* v. *Railroad*, 87 N. H. 1, 9.

If plaintiff were seeking recovery on the ground that his employment by the defendant caused his arthritis, defendant's position that the arthritis existed "at commencement of the employment" (Laws 1947, *c.* 266, *s.* 2, III) and is therefor not compensable would be well taken as well as its further position that its existence not being "the direct result of an accident arising out of and in the course of employment" (*id*) prevents its being grounds for compensation. The plaintiff bases his right of recovery on the results of an accidental injury arising out of and in the course of his employment. This accidental injury aggravated and rendered disabling a pre-existing disease which prior thereto had caused him no disability. There is no provision in the new act which prevents recovery for a disability resulting from an accidental injury merely because a disease contributes to its course. The Court therefore ruled correctly that plaintiff's disability was compensable.

The weekly amount of compensation for partial disability to which plaintiff was entitled was not, however, computed in accordance with the provisions of Laws 1947, *c.* 266, *s.* 2, V (1). Plaintiff's earnings for the year preceding the accident (assuming he worked steadily) or the earnings for that period "by a person in the same grade, employed in the same class of employment in the same locality" would be $3,510 ($67.50 x 52). The actual number of hours worked would be 54 hours a week for 52 weeks, or 2,808 hours. Dividing $3,510 by 2,808 gives $1.25; multiplying $1.25 by 40 gives $50 for the average weekly wage of the plaintiff before his accident.

Using the same formula to determine his weekly wage after the accident, his total earnings for a year $1,825.20 ($35.10 x 52) divided by 2,808 (54 x 52), the actual number of hours worked, gives 65 cents

which multiplied by 40 makes his average weekly wage after the accident $26. Under Laws 1947, *c*. 266, *s*. 23 he is entitled to "a weekly compensation equal to sixty-six and two-thirds per cent of the difference between his average weekly wage before the injury and the average weekly wage which he is able to earn thereafter" viz: $16 per week.

Nor is the award of a lump-sum for compensation for partial disability not yet accrued permissible under Laws 1947, *c*. 266. "The right of a claimant to recover workmen's compensation does not rest at all upon the common law, but upon the statutes alone, which both create and measure that right." *Rogers* v. *Traders & Gen. Ins. Co.*, 135 Tex. 149, 152; *Grenier* v. *Alta Crest Farms, Inc.*, 115 Vt. 324. "The act creates new remedies and new liabilities. The manner in which it operates is to be found under the legislation itself." *Miller* v. *Schlereth*, 151 Neb. 33, 39. "The allowance of a lump sum award is the exception and not the rule." *Illinois Zinc Co.* v. *Industrial Com.*, 355 Ill. 253, 257; *Skaggs* v. *Industrial Com.*, 371 Ill. 535, 539. It follows that unless authority for an award of a lump sum is contained in the act such awards cannot be made. The only reference to lump sum payments is in Laws 1947, *c*. 266, *s*. 31 viz; "Lump sum settlements may be permitted at the discretion of the commissioner of labor when it appears to the best interests of all concerned." These are settlements where both parties are in agreement and the Commissioner in the exercise of his discretion permits them. The old act (R. L., *c*. 216) authorized the Superior Court to make lump sum awards under certain circumstances (*ss*. 31, 33). This authority does not appear in the wording of the new act. It contains no provision conferring on the Commissioner or on the court the authority to make such awards. The only conclusion which can be gathered from the action of the Legislature is that it did not choose to confer such authority. *Verban* v. *State Industrial Acc. Comm.*, 168 Ore. 394, 413. Consequently neither the Commissioner nor the Superior Court has authority to make lump sum awards. However, the Commissioner has the authority to permit in his discretion lump sum settlements.

The award made to the plaintiff for total disability is affirmed. The award to him of a lump sum for partial disability is vacated. The case is remanded to the Superior Court to enter an award for partial disability of $16 weekly to be paid to the plaintiff during the existence of said partial disability but not longer than the statutory period of three hundred weeks. Laws 1947, *c*. 266, *s*. 23.

*Defendant's exceptions sustained in part.*

All concurred.