[Civ. No. 26659.   Second Dist., Div. Three.   Sept. 25, 1963.]

EDYTHE SONBERG, Plaintiff and Appellant, v. ADELE
K. BERGERE, Defendant and Respondent.

Margolis & McTernan, Robert D. Katz and Ben Margolis
for Plaintiff and Appellant.

Eugene S. Ives and Martin J. Kirwan for Defendant and
Respondent.

NOURSE, J. pro tem.*—This is an action to recover dam-
ages for personal injuries. Plaintiff appeals from a judgment
adverse to her. Plaintiff was an employee of a copartnership.

*Retired judge of the superior court sitting pro tempore under as-
signment by the Chairman of the Judicial Council.

Respondent Bergere was one of the members of that copartnership. Appellant was injured in attempting to enter an automobile owned and driven by respondent. The trial court found, and its findings are sustained by substantial evidence, that the accident and the injuries to appellant were due to the negligence of respondent; that at the time of the accident respondent was acting on behalf of the partership and that the accident occurred in the course and scope of appellant's employment by the partnership. The court concluded that it had no jurisdiction of appellant's cause of action but that the exclusive jurisdiction was with the Industrial Accident Commission of the State of California.

At the trial no evidence was offered or received as to any wages or salary received by respondent from the partnership. After the cause had been submitted appellant moved the court to reopen the case for the purpose of proving that respondent was a working member of the partnership receiving salary or wages in addition to her share of the profits. The trial court denied this motion but it is evident from the record that the trial court found that the evidence offered (by affidavit), in support of the motion was not material and that it did not deny the motion because of the failure of appellant to present the proffered evidence at the time of trial.

The sole substantial question presented by the appeal is: May an employee of a partnership who is injured in the course and scope of her employment by the negligence of a partner, maintain an action to recover damages from the negligent partner? We have concluded that she may not.

Except under exceptional circumstances, and there are none here, a partnership is not recognized as a distinct entity separate from its members (*Reed* v. *Industrial Acc. Com.*, 10 Cal.2d 191 [73 P.2d 1212, 114 A.L.R. 720], and cases there cited), and an employee of a partnership is an employee of each of the partners. (*Reed* v. *Industrial Acc. Com., supra.* See, also, *Park* v. *Union Mfg. Co.*, 45 Cal.App. 2d 401 [114 P.2d 373].)

Appellant argues that as under section 15009 of the Corporations Code every partner is an agent of the partnership for the purpose of its business, the partnership must be a separate entity for otherwise a partner would be his own agent. This they contend demonstrates that appellant at the time of the accident was the employee of the partnership as an entity separate and apart from the partners composing it

and the respondent was not acting as appellant's employer at the time of the accident but was in the status of a fellow employee and thus liable for her negligence.[1] We think this is a non sequitur, for regarding a partnership as an association of individuals and not as a separate entity, the meaning of the statute is that a partner acts not only for himself but for all those associated with him, each partner being liable for any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership. (Corp. Code, §§ 15013-15015.) Here, appellant was the employee of each of the members of the partnership and her remedy for any injuries received in the course and scope of her employment, whether those injuries were received through the negligence of one of the partners or without negligence on the part of anyone, was limited to her right to compensation under the Workmen's Compensation Act. (Lab. Code, § 3601.)

The evidence offered by appellant in support of her motion to reopen would not have sustained her action. ▉ While as between the partners a working partner receiving compensation in addition to his share of the profits is an employee within the meaning of that term as used in the Workmen's Compensation Act (Lab. Code, § 3359), he remains as to the employees of the partnership an employer within the meaning of that act.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.

A petition for a rehearing was denied October 24, 1963, and appellant's petition for a hearing by the Supreme Court was denied November 20, 1963.

---

[1]Appellant relies on *Duprey* v. *Shane,* 39 Cal.2d 781 [249 P.2d 8], as authority for this contention. The cited case is clearly distinguishable from the case here. In that case plaintiff was injured while in the scope and course of her employment by a firm of chiropractors. After the injuries several of the partners undertook to treat her original injury and were negligent. Clearly, the employee in submitting to treatment was not acting within the scope and course of her employment and the relationship that existed between the parties at the time of the malpractice was not that of master and servant but that of doctor and patient.