### 20026

Robert DANIELS, by his Guardian ad Litem, Mathols Flood, Appellant, v. Ernest ROUMILLAT and Marsha M. Morgan, Respondents.

(216 S. E. (2d) 174)

*Samuel C. Craven, Esq.,* of Charleston, *for Appellant,*

*Messrs. Young, Clement & Rivers,* of Charleston, *for Respondent, Ernest Roumillat,*

June 4, 1975.

Moss, Chief Justice:

This is an appeal from an order of the Honorable James A. Spruill, Jr., Presiding Judge, granting the motion of Ernest Roumillat, the respondent herein, for summary judgment. The trial judge held that Robert Daniels, the appellant herein, could not recover in a common law action against the respondent, who was a member of a partnership which had settled a workmen's compensation claim with him. He held that the claim of the appellant was barred by Section 72-121 of the Code.

Ernest Roumillat was a member and co-owner of a partnership known as Martin and Roumillat Builders, who were engaged in constructing residential homes in Dorchester County, South Carolina. This partnership was operating under and in compliance with the South Carolina Workmen's Compensation Law, Section 72-1 et seq. of the Code.

Robert Daniels was a laborer employed by the partnership. He resided in Summerville which was approximately twenty miles from the job site, and it was customary for the respondent to provide the means of transportation for him to and from the job site. In accordance with such custom and practice, on September 13, 1973, the respondent was transporting Robert Daniels, in a pickup truck owned

by the partnership, from the job site to his home. Upon arrival in the Town of Summerville, the appellant disembarked from the pickup truck and proceeded around the rear thereof, and as he was attempting to cross the road he was struck and injured by an automobile operated by Marsha M. Morgan.

The appellant, on May 27, 1974, through his attorney, filed with the South Carolina Industrial Commission a claim for benefits under the Workmen's Compensation Law asserting that his injury was by accident, arising out of and in the course of his employment with the partnership. On June 4, 1974, the partnership and its insurance carrier, denied that the injury to the appellant arose out of and in the course of his employment. Thereafter, the appellant and the employer and its insurance carrier consummated a settlement by a clincher agreement executed on July 31, 1974. This settlement was approved by the Industrial Commission. Pursuant thereto, the appellant was paid $3,842.10 in medical and surgical expenses and $7,500.00 for temporary total disability, permanent partial disability, future medical expenses, and serious bodily disfigurement.

The present action was filed by the appellant on August 28, 1974, seeking to recover damages for his personal injuries against the respondent as a joint tort-feasor. The respondent asserted as one of his defenses that the appellant accepted compensation and settled his Workmen's Compensation claim against him and, in accordance with Section 72-121 of the Code, he is barred from asserting a cause of action at common law against his employer, the respondent.

The respondent's motion for summary judgment, pursuant to Circuit Court Rule 44, was granted and the appellant alleges error. This raises the only question for our determination.

> As a general rule, an employee going to or coming from the place where his work is to be performed is not engaged in performing any service growing out

of or incidental to his employment, and therefore, an injury suffered by accident at such time does not arise out of and in the course of his employment. However, an injury is incurred in the course of employment, under an exception to the foregoing rule, where in going to and returning from work the means of transportation is provided by the employer. *Fowler v. Abbott Motor Co.,* 236 S. C. 226, 113 S. E. (2d) 737, and *Sola v. Sunny Slope Farm,* 244 S. C. 6, 135 S. E. (2d) 321. In the *Fowler* case we quoted from *Larson* on Workmen's Compensation Law, Vol. 1, Page 223, section 17.10, where it is said:

"If the trip to and from work is made in a truck, bus, car or other vehicle under the control of the employer, an injury during that trip is incurred in the course of employment. The simple justification for this holding is that the employer has himself expanded the range of the employment and the attendant risks."

An employee's rights under the Workmen's Compensation Law excludes all others against the employer. It is provided in Section 72-121 of the Code, as follows:

"The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer, at common law or otherwise, on account of such injury, loss of service or death."

The question arises here as to whether the Workmen's Compensation Law absolves a partnership as an employer from liability for the injury of an employee arising out of and in the course of employment and whether a common law action for negligence for such injury can be maintained against a member of the partnership individually where partnership business was being carried on and the employee injured.

Professor Larson in his treatise "The Law of Workmen's Compensation," Vol. 2, section 72.10, said: "* * * a member of a partnership, even if he is a 'working partner,' is still in law the employer of employees of the partnership and cannot be sued." The foregoing rule is supported by the cases of *Sonberg v. Bergere,* 220 Cal. App. (2d) 681, 34 Cal. Rptr. 59; *Cockerham v. Consolidated Underwriters,* La.- App. 262 So. (2d) 119; and *Candler v. Hardware Dealers Mutual Ins. Co.,* 57 Wis. (2d) 85, 203 N. W. (2d) 659. In the cited cases a member of the partnership is held to be an employer of an injured employee and an action based on negligence against the member of the partnership is barred by the Workmen's Compensation Law. In our own case of *Marlow v. E. L. Jones & Son, Inc.,* 248 S. C. 568, 151 S. E. (2d) 747, we stated that "working partners" are not employees.

In the case of *Parker v. Zanghi,* 45 N. J. Super. 167, 131 A. (2d) 802, it was held that even though a partnership is itself an employer under the Workmen's Compensation Act, nevertheless, in view of the fact that under the law the partners are liable individually for workmen's compensation, an employee of the partnership will be deemed to have surrendered any common law cause of action in tort which he holds against the partners individually because of a compensable injury.

If, however, we assume that the appellant and respondent were co-employees, Section 72-121 of the Code would bar recovery if the tort occurred while both the employee and co-employee were performing work incidental to the employer's business.

In *Young v. Warr,* 252 S. C. 179, 165 S. E. (2d) 797, we said:

"In the cases of *Nolan v. Daley,* 222 S. C. 407, 73 S. E. (2d) 449, and *Powers v. Powers,* 239 S. C. 423, 123 S. E. (2d) 646, we held that an employee, subject with his employer to the provisions of the Workmen's Compensation

Act, whose injury arises out of, and in the course of his employment, cannot maintain an action at common law against his co-employee, whose negligence caused the injury."

The appellant places reliance on the case of *Boykin v. Prioleau,* 255 S. C. 437, 179 S. E. (2d) 599. We have examined this case and find that under the factual situation there revealed, it is not here controlling.

The trial judge concluded that the respondent was an employer of the appellant and the appellant, having recovered under the Workmen's Compensation Law, is barred by Section 72-121 of the Code from prosecuting a common law tort action against his employer. We agree.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, LITTLEJOHN and NESS, JJ., and BRAILSFORD, Acting Associate Justice, concur.