Hillsborough
No. 79-278

ROBERT L. LARIVIERE

v.

NEW HAMPSHIRE INSURANCE GROUP

March 5, 1980

*Hanrahan, Brennan & Michael,* and *John P. Flynn,* of Manchester
(*John W. Hanrahan* orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls,* of Manchester (*Theodore
Wadleigh* orally), for the defendant.

KING, J.   In this petition for declaratory judgment brought
pursuant to RSA 491:22-a, the plaintiff seeks to determine the
coverage of a general liability insurance policy. The defendant insurer
denies coverage on the basis of two exclusions, one which bars
recovery by a "fellow employee" and the other which purports to
suspend coverage during the course of the movement of any structure.
The Trial Court (*Cann,* J.) ruled that neither exclusion was effective to
bar recovery. We affirm.

The plaintiff, Robert J. Lariviere, d/b/a Jean Lariviere and Son, is
the owner and operator of a building-moving business located in the
town of Hooksett. In 1966, the plaintiff purchased from the Lapointe
Insurance Agency of Manchester a general liability and automobile
policy issued by the defendant New Hampshire Insurance Group.
That policy was reissued from year to year and continued in force at
the time of the events giving rise to this proceeding.

On June 9, 1975, the plaintiff was engaged in moving a house in
Manchester, New Hampshire. While moving the structure, it
appeared that the house was striking some tree limbs. In order to
remove the limbs, the plaintiff climbed into the bucket of a front-end
loader owned by Lariviere and operated by his employee, Richard
McCormack. While Lariviere was cutting the branches, the loader
abruptly backed up seven or eight feet, causing him to lose his balance,
fall from the bucket to the ground and injure himself.

Lariviere brought suit against Richard McCormack seeking
recovery for the injuries sustained as a result of the fall from the
loader. The New Hampshire Insurance Group declined coverage and
refused to defend the action on McCormack's behalf. Thereupon the

plaintiff instituted this proceeding to determine the coverage of the defendant's general liability insurance policy.

In denying coverage to the plaintiff, the defendant relies on two exclusions contained in the policy in question. The first, Endorsement L 269 to the policy, reads in pertinent part:

> II Persons Insured.
>
> Each of the following is an insured under this insurance to the extent set forth below:
>
> * * * *
>
> (e) . . . provided that no person or organization shall be an insured under this paragraph (e) with respect to:
>
> (1) Bodily injury to any *fellow employee* of such person injured in the course of his employment . . . .

(Emphasis added.) Endorsement GL 318 to the policy reads as follows:

> It is agreed that the insurance does not apply *to bodily injury or property damage arising out of and occurring during the course of the movement of any building* or structure by automobile or mobile equipment, the period of movement being considered as commencing when such building or structure is removed from its old foundation and terminating when the unloading of the vehicle commences for the purpose of placing the building or structure on its new foundation.

(Emphasis added.)

We conclude that the defendant's reliance upon the fellow employee exclusion to bar any recovery by Lariviere is misplaced. At first glance, it would appear that the plaintiff's sole ownership of his business would, *ipso facto*, render him exempt from the provision. The defendant argues, however, that inasmuch as Lariviere was, at the time of the accident, engaged in work which could have been performed by a common laborer, he is, for purposes of the exclusion, a fellow employee of McCormack. *See Vittum v. N.H. Ins. Co.*, 117 N.H. 1, 369 A.2d 184 (1977); *Liberty Mut. Ins. Co. v. Home Ins. Indem. Co.*, 116 N.H. 12, 351 A.2d 891 (1976).

We reject the defendant's strained interpretation of its fellow employee exclusion, and instead, agree with the trial court's observation that when Lariviere "was standing in the bucket of the

payloader, he was not in the service of a corporate or some other employer; he *was* the employer." (Emphasis original.) In both the *Vittum* and *Liberty Mutual* cases, *supra*, this court examined the duties performed by certain employees to determine whether they were fellow servants of injured employees or were instead performing acts of management. 117 N.H. at 4–5, 369 A.2d at 187; 116 N.H. at 14–15, 351 A.2d at 893. In neither case, however, were these employees proprietors as well. *See Stevens v. Lewis*, 118 N.H. 367, 387 A.2d 637 (1978). In the instant case, whether in the bucket of the payloader or at his business office, whether making administrative decisions or performing duties that could be performed by any of his employees, Lariviere was not a fellow employee of McCormack. *See Stevens v. Lewis supra.*

Nor are we persuaded that in amending the New Hampshire Workmen's Compensation Law to allow individuals such as the plaintiff to purchase coverage for themselves, as well as their employees, the legislature somehow changed sole proprietors into "employees." Laws 1971, ch. 463, RSA 281:2 III. We conclude instead, as the trial court ruled, that the "fellow employee" exclusion did not bar recovery under the policy by Lariviere.

The defendant next contends that the trial court erred in not finding coverage barred by the specific exclusion of Endorsement GL 318. As the trial court noted, however, that endorsement, which seeks to exclude all coverage during the course of movement of any building or structure, appeared on a small, $4\frac{1}{2}''$ by $7''$ slip of paper not attached to, nor referred to in the principal part of the policy. Rather, that portion of the policy, entitled Manufacturers' and Contractors' Liability Insurance Coverage for Premises and *For the Named Insured's Operations in Progress*, contained the following typed-in description of the hazard insured against:

> Building raising or moving—including incidental shoring, or removal or rebuilding of walls, foundations, columns or piers.

Thereafter followed a list of eighteen exclusions, many of which had subdivisions, all of which are in fine print, and in none of which is mentioned Endorsement GL 318.

The plaintiff testified at trial that he was aware of the existence of this endorsement. He also stated, however, that he had been assured by his agent, Mr. Lapointe, that it excluded only damage to a building while in transit. Accepting this testimony, the trial court went on to find that:

... any reasonable person in the position of plaintiff would have believed that he was covered by the policy for bodily injury ... claims arising out of and occurring during the course of movement of any building or structure. The average person, considering the specific language "Building Raising or moving . . . ," would not think that coverage for this major hazard would be removed by a remote exclusion appearing on a slip of paper among many policy endorsements, and not even referred to in the "Description of Hazards."

■■ In interpreting the provisions of insurance policies like the one here at issue, the reasonable expectation of the insured will be honored. *Olszak v. Peerless Ins. Co.*, 119 N.H. 686, 406 A.2d 711 (1979); *Atwood v. Hartford Accident & Indem. Co.*, 116 N.H. 636, 637, 365 A.2d 744, 746 (1976); *Magulas v. Travelers Ins. Co.*, 114 N.H. 704, 327 A.2d 608 (1974). We believe that the trial court correctly applied the reasonable expectations rule in the instant case. Here the principal hazard insured against was building raising or moving, and the policy so provided. Although the plaintiff testified that he was aware of the exclusion, he also indicated that he understood, by virtue of his talks with LaPointe, that it excluded only damage to buildings in transit. Clearly, the plaintiff's reliance on the agent's assurances was reasonable. *Olszak v. Peerless Ins. Co. supra.* Moreover, it would be unreasonable to "think that the major, if not the only, hazard for which the specific premium was paid would be removed by the exclusion." *Brown v. City of Laconia*, 118 N.H. 376, 378 A.2d 1276, 1277 (1978). Thus, we affirm the ruling of the trial court.

*Exceptions overruled.*

BOIS, J., did not sit; the others concurred.