Hillsborough
No. 84-132

### MARGARET SWIEZYNSKI

### v.

### ROCCO V. CIVIELLO
### AND
### WILLIAM B. CRAWFORD

February 21, 1985

*Winer, Pillsbury & Bennett,* of Nashua (*Peter G. Webb* on the brief and orally), for the plaintiff.

*Sheehan, Phinney, Bass & Green P.A.,* of Manchester (*Douglas G. Verge* on the brief and orally), for the defendants.

BATCHELDER, J. The issue before us is whether a partnership employee who has received workers' compensation benefits for an injury received in the course of employment may maintain a negligence action against an individual partner who owns the work premises for this same injury. The resolution of this issue turns on whether an individual partner is an employer under the Workers' Compensation Law, RSA chapter 281 (Supp. 1983), and thereby is entitled to immunity from certain employee suits. *See* RSA 281:2, I, :12 (Supp. 1983).

The plaintiff, Margaret Swiezynski, was employed as a grocery clerk at the Garden Street Superette in Milford. The grocery store was operated by the defendants, Rocco V. Civiello and William B. Crawford, as a partnership. The premises were owned by the defendants individually as tenants in common. On March 16, 1981, the plaintiff was injured when she fell in the store. The plaintiff

subsequently received workers' compensation benefits for her injuries. She thereafter filed the instant action against the defendants, alleging that her injury resulted from a breach of a duty of care owed to her by each of the defendants as the landowners.

Without consulting the partnership agreement between the defendants, the Superior Court (*Wyman*, J.) dismissed the plaintiff's suit, holding that the individual defendants are immune from the plaintiff's suit because they are employers within the meaning of the statute. We vacate this order and remand for further findings of fact.

In *Holzworth v. Fuller*, 122 N.H. 643, 645, 448 A.2d 394, 395 (1982), we held that an employer's provision of workers' compensation insurance insulated the employer-landowner from a suit which alleged that the employee's injury had resulted from the employer's breach of his duty of care arising from his ownership of the premises. Whether the plaintiff may maintain her claims depends on whether the defendants are employers under the statute and thereby enjoy protection under *Holzworth*.

Under the Workers' Compensation Law, "employer" is defined as "a person, *partnership*, association, corporation, or legal representative of a person, *partnership*, association or corporation, who employs one or more persons . . . ." RSA 281:2, I (Supp. 1983) (emphasis added). We find that, for purposes relevant here, a partnership has no legal identity distinguishable from its partners who have retained their statutory rights of management, and hence that such partners qualify as employers under the statute. Our holding is necessitated by the Workers' Compensation Law's conception of what constitutes an employment relationship and by the statute's underlying policy. Our conclusion that a partnership does not, in this context, constitute a legal entity distinguishable from its partners is consistent with New Hampshire partnership law, case law under the Workers' Compensation Law, and the decisions of the vast majority of the jurisdictions that have considered this question.

The Workers' Compensation Law refers to a private employment relationship as "any contract of hire, express or implied, oral or written . . . ." RSA 281:2, III (Supp. 1983); *see* 1C A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 43.10, at 8-1 (1982) (stating that workers' compensation acts typically define an employment relationship as "any contract of hire, express or implied"). Such a contract confers on the employer a right to the labor of the employee and on the employee a corresponding right to compensation. 1C A. LARSON, *supra* at § 47.41, at 8-255–8-259.

■■ The dispositive characteristic of the employer's status is his right to control the employee's work performance. *See Porter v.*

*Barton*, 98 N.H. 104, 105, 95 A.2d 118, 119 (1953) (evidence of employer's right of control warranted finding of employment relationship under workers' compensation act); *see also Brinkley Heavy Hauling Co. v. Youngman*, 223 Ark. 74, 77, 264 S.W.2d 409, 411 (1954); 1C A. LARSON, *supra* at § 44.00, at 8-31; RESTATEMENT (SECOND) OF AGENCY § 220(1) (1958). Under the Workers' Compensation Law, the distinguishing features of an employment relationship, therefore, are the employer's right to the employee's labor and his right to control the employee's performance, and the employee's corresponding right to compensation.

 Under New Hampshire law, these features are present in the relationship between a partner and a partnership employee. Unless the partnership agreement provides otherwise, partners by law have "equal rights in the management and conduct of the partnership business." RSA 304-A:18, V (Supp. 1981). Consequently, each partner has an equal right to control the work performance of a partnership employee. *See* J. CRANE & A. BROMBERG, THE LAW OF PARTNERSHIP § 50(c), at 284 (1968) (stating that a partner has implied power to hire, discharge, and compensate a partnership employee). Partners are personally liable for partnership obligations, RSA 304-A:15 (Supp. 1981), including an employee's claim for compensation. *See Mazzuchelli v. Silberberg*, 29 N.J. 15, 21, 148 A.2d 8, 11 (1959).

██ As the Supreme Court of New Jersey stated in a similar case, "we cannot conceive of any incident of the employer-employee relationship which is here lacking." *Id.* at 22, 148 A.2d at 11. Professor Larson is in accord:

> "[I]n any ordinary partnership each partner has by law an equal share in management, and is therefore in actual possession of the powers of the employer. *Unless he has contracted away these powers*, which he can theoretically do, he is as much the employer as anyone can be, not as a matter of conceptual reasoning but as a matter of actual functions and rights."

1C A. LARSON, *supra* at § 54.32, at 9-202–9-203 (emphasis added). Accordingly, we hold that a partner retaining his right of management is in an employment relationship with a partnership employee and, thus, constitutes an employer under the Workers' Compensation Law.

The Workers' Compensation Law balances the interests of the employee against those of the employer. The employee receives a right to receive insurance benefits for work-related injuries in

exchange for his forfeiture of his corresponding rights of action against the employer; the employer receives statutory immunity from employee suits in exchange for his provision of insurance benefits. *See* RSA 281:12 (Supp. 1983); *Reed v. New England Telephone & Telegraph Co.*, 175 F. Supp. 409, 410 (D.N.H. 1958), *aff'd*, 336 F.2d 90 (1st Cir. 1964); 1 A. LARSON, *supra* at § 1.10, at 1-2. Under New Hampshire law, partners are personally liable for all debts of the partnership, RSA 304-A:15 (Supp. 1981), including the liability for workers' compensation insurance.

■ To construe "employer" not to include individual partners would require partners to endure the liability for compensation insurance without the enjoyment of the corresponding benefit of immunity from employee suits. This construction would frustrate the policy underlying the Workers' Compensation Law. Where reasonably possible, a statute should be construed to effectuate its underlying policy. *See Hurley v. Public Service Co. of N.H.*, 123 N.H. 750, 754, 465 A.2d 1217, 1220 (1983). Construing the term "employer" to include individual partners, therefore, is preferable because it gives force to a policy central to the act. *See Brown v. South Broward Hospital Dist.*, 402 So. 2d 58, 59 (Fla. 1981) (employee suit immunity held to be "coextensive" with liability for compensation insurance).

The Uniform Partnership Act ("UPA"), RSA chapter 304-A (Supp. 1981), which states the law governing partnerships in this State, is instructive on the issue before us. The UPA commingles the entity theory, which regards a partnership as an independent legal entity, with the aggregation theory, which holds that a partnership has no such independent status. The plaintiff asks us to extrapolate from the UPA's partial adoption of the entity theory the conclusion that a partnership is a distinct legal entity for the purposes relevant here. We are mindful, however, that "[u]ltimately it is not too important whether a specific result directed by the uniform law is dressed in garb of the entity concept, provided the fictional personification is confined to the specific result and is not used as a premise for syllogistic thrusts elsewhere." *Mazzuchelli v. Silberberg, supra* at 21, 148 A.2d at 11.

■ A partnership is not considered an entity separate from its members, except in limited circumstances. *See Sonberg v. Bergere*, 220 Cal. App. 2d 681, 682, 34 Cal. Rptr. 59, 60 (1963); *Carlson v. Carlson*, 346 N.W.2d 525, 526–27 (Iowa 1984); *Candler v. Hardware Dealers Mut. Ins. Co.*, 57 Wis. 2d 85, 87–88, 203 N.W.2d 659, 660 (1973). The entity theory governs only in matters of procedure, *see, e.g.*, RSA 304-A:11, :12, :27, :28, :30 (Supp. 1981), and in the holding

and conveyancing of property, *see, e.g.,* RSA 304-A:10, :24 to :26 (Supp. 1981), including the marshalling of assets, *see* RSA 304-A:40, VIII, IX (Supp. 1981). *See Carlson v. Carlson supra; Mazzuchelli v. Silberberg supra; Candler v. Hardware Dealers Mut. Ins. Co. supra.*

The aggregation theory controls in matters relating to the substantive liabilities and duties of the partners. *Carlson v. Carlson, supra* at 526; *Mazzuchelli v. Silberberg,* 29 N.J. 15, 21–22, 148 A.2d 8, 11 (1959). Our statute defines a partnership as "an *association* of two or more persons to carry on as *co-owners* a business for profit." RSA 304-A:6 (Supp. 1981) (emphasis added). "To state that partners are co-owners of a business is to state that they each have the power of *ultimate* control." UNIFORM PARTNERSHIP ACT § 6, comment (1), 6 U.L.A. 23 (1969) (emphasis added). Partners accordingly "have equal rights in the management and conduct of the partnership business," RSA 304-A:18, V (Supp. 1981), and are personally liable for partnership obligations, RSA 304-A:15 (Supp. 1981). In short, "[t]he Uniform Partnership Act does not make a legal partnership an independent juristic entity, and whatever recognition is given therein to the entity theory is solely for procedural or conveyancing purposes." *Carlson v. Carlson, supra* at 527 (quoting 68 C.J.S. *Partnership* § 67, at 498 (1955)).

A number of jurisdictions have considered the precise issue before us; namely, whether a partner is an employer under a workers' compensation statute and thereby is entitled to immunity from employee suits. The vast majority of these jurisdictions has held that a partner is an employer. *E.g., Sonberg v. Bergere,* 220 Cal. App. 2d 681, 683, 34 Cal. Rptr. 59, 60 (1963); *Carlson v. Carlson,* 346 N.W.2d 525, 527 (Iowa 1984); *Mazzuchelli v. Silberberg,* 29 N.J. 15, 22, 148 A.2d 8, 12 (1959); *Greenya v. Gordon,* 389 Pa. 499, 500, 133 A.2d 595, 596 (1957); *Daniels v. Roumillat,* 264 S.C. 497, 501–03, 216 S.E.2d 174, 176–77 (1975); *Candler v. Hardware Dealers Mut. Ins. Co.,* 57 Wis. 2d 85, 88, 203 N.W.2d 659, 661 (1973). *But see Monson v. Arcand,* 239 Minn. 336, 339–40, 58 N.W.2d 753, 755 (1953); *Gleason v. Sing,* 210 Minn. 253, 257, 297 N.W. 720, 722 (1941).

A number of these cases expressly considered the UPA. With but one exception, these cases held that under the act a partnership is not a legal entity distinct from its partners. *Sonberg v. Bergere supra; Carlson v. Carlson, supra* at 526; *Mazzuchelli v. Silberberg, supra* at 19–22, 148 A.2d at 10–11; *Candler v. Hardware Dealers Mut. Ins. Co., supra* at 87–88, 203 N.W.2d at 660–61. *Contra Gleason v. Sing supra.* Because we must construe the UPA as enacted in New Hampshire "to make uniform the law of those states which [have] enact[ed] it," RSA 304-A:4, IV (Supp. 1981), we must treat this majority rule as persuasive.

■ The Workers' Compensation Law should be construed as consistent with the case law under its predecessor, RSA chapter 216 (1942), "in the absence of weighty evidence that the Legislature did not intend to adopt such prior judicial interpretation" when enacting the present version. *Bolduc v. Company*, 96 N.H. 235, 238, 73 A.2d 115, 118 (1950). In *Dube v. Robinson*, 92 N.H. 312, 30 A.2d 482 (1943), we considered the claim that a partner was an employee of his partnership and therefore must be counted in determining whether the minimum number of employees for application of the prior statute was met. We rejected the entity theory of partnerships thus advanced. Our opinion states, "[a] proprietor of business cannot be his own employee, and hence cannot be counted to constitute one of the workmen necessary for the act to apply . . . ." *Id.* at 313, 30 A.2d at 484. While "[t]he legal entity of a corporation is not a group of its officers, . . . *that of a partnership is composed of its members.*" *Id.* (emphasis added).

Unlike the statute at issue in *Dube*, our present statute allows partners to receive workers' compensation insurance benefits. RSA 281:2, III (Supp. 1983). In *Lariviere v. New Hampshire Ins. Group*, 120 N.H. 168, 413 A.2d 309 (1980), however, we held that qualification for insurance benefits under this provision does not transform into an employee a person who would otherwise constitute an employer under the act. *Id.* at 171, 413 A.2d at 311 (sole proprietor held not to be an employee under the act). Our earlier decision in *Dube v. Robinson*, which held that a partner is an employer, therefore is not in conflict with our present statute. Consequently, we must regard it as persuasive in reaching our decision today.

■ Where reasonably possible, statutes should be construed as consistent with each other. *See State v. Woodman*, 114 N.H. 497, 500, 323 A.2d 921, 923–24 (1974). Construing the term "employer" in the Workers' Compensation Law not to include individual partners would frustrate a policy of the UPA and therefore should be avoided. The UPA expressly recognizes that title to real property owned by the partnership may be held in the names of all the partners. *See* RSA 304-A:10, IV, V (Supp. 1981). The plaintiff claims that she may maintain her negligence action against the defendants because they held title to the supermarket in their names as tenants in common and not in the name of the partnership. If we accept this argument, the defendants will be penalized for holding their property in a form expressly condoned by the UPA, and members of other business partnerships will be discouraged from adopting this statutorily sanctioned form of ownership. This final circumstance further recommends our holding.

We remand for a determination as to whether the partnership agreement provided that the defendants did not retain their legal rights of management. Unless it so provided, the defendants are employers under the Workers' Compensation Law.

*Order vacated; remanded.*

All concurred.