Joseph C. HUF, Appellant,

v.

**ARCTIC ALASKA DRILLING COMPANY, INC.,**
Appellee.

No. S–5680.

Supreme Court of Alaska.

March 3, 1995.

Rehearing Denied April 17, 1995.

Mark A. Sandberg, Sandberg, Smith, Wuestenfeld & Corey, Anchorage, for appellant.

Timothy M. Stone and Alex R.M. Vasauskas, Stone, Waller & Jenicek, Anchorage, for appellee.

Before MOORE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ., and BRYNER, J. Pro Tem.*

*OPINION*

COMPTON, Justice.

A drilling company built a drill rig for use in its business. Later the drilling company, and another company which provided drilling related services, formed a partnership. After formation of the partnership, a partnership employee was injured when a component of the drill rig collapsed. The employee filed a third party liability suit against the drilling company. The superior court granted summary judgment to the drilling company, based on the exclusive remedy provision of the Alaska Workers' Compensation Act. We conclude that the drilling company is not immune from liability; therefore, we reverse the judgment of the superior court.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

Arctic Alaska Drilling Co. (AADCO), an Alaska corporation, and Pool Alaska, Inc., a Texas corporation, formed a partnership under the name Pool Arctic Alaska (PAA) in 1983.[1] AADCO contributed to the partnership a portable drill rig, which it had built prior to entering the partnership.

In 1991 Joe Huf, a PAA employee, was assembling the drill rig. He was injured when a metal ladder, an integral component

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. The partnership was formed "for the purpose of engaging in the business of conducting drilling and related services in the state of Alaska."

of the drill rig, broke loose. The injury arose out of and in the course of Huf's partnership employment. Huf received workers' compensation benefits from PAA's insurance carrier.

Huf filed a third party liability suit against AADCO, AS 23.30.015(b), claiming that AADCO negligently built the component ladder. The issue before the superior court was whether AADCO, a partner in the PAA partnership, was immune from liability by virtue of the exclusive remedy provision of the Alaska Workers' Compensation Act (Act), AS 23.30.010 *et seq.* For the purpose of the summary judgment motion, AADCO conceded that it was negligent and that its negligence was the proximate cause of Huf's injuries. The superior court held AADCO immune and granted AADCO's motion for summary judgment. Huf appeals. Alaska R.App.P. 202(a); AS 22.05.010.

## II.  *DISCUSSION*

Alaska Statute 23.30.055 provides in part: "The liability of an employer prescribed in AS 23.30.045 is exclusive and in place of all other liability of the employer...." "'[E]mployer' means ... a person employing one or more persons in connection with a business or industry coming within the scope of this chapter...." AS 23.30.265(13). We must decide whether AADCO is an "employer" in the context of this case.[2] This raises an issue of first impression in Alaska.

Huf argues that AADCO was not his employer, and thus is not immune by virtue of AS 23.30.055. He concedes that the majority rule is that an employee of a partnership is also the employee of each partner.[3] This is also the rule which we adopted in *Williams v. Mammoth of Alaska, Inc.*, 890 P.2d 581 (Alaska 1995).

We discussed the policies supporting this rule in *Williams.* Where a partner's negligence arises out of and in the course of partnership business, it is logical to hold that partner and all other partners immune from liability by virtue of the exclusive remedy provision of the Act. When the partner is carrying on partnership business, "the partnership is liable for the ... injury to the same extent as the partner so acting." AS 32.05.080. Because the liability of the partner and the partnership are co-extensive, both should be treated the same with respect to immunity from liability. More importantly, because the partner's conduct arises out of and is within the course of partnership business, each partner has an equal right to oversee the conduct, and each partner acts as an agent for the other. AS 32.05.040. Thus, it is proper to treat each partner as an "employer" of the partnership employee.

However, where an individual partner acts negligently outside of and not in the course of partnership business, the partnership normally would not be liable.[4] In the present

**2.** Because this case involves statutory construction, this court applies its independent judgment. *Croft v. Pan Alaska Trucking,* 820 P.2d 1064 (Alaska 1991); *Summerville v. Denali Center,* 811 P.2d 1047 (Alaska 1991).

**3.** *See, e.g., Bertrand v. Forest Oil Corp.,* 441 F.2d 809, 810–11 (5th Cir.), *cert. denied,* 404 U.S. 863, 92 S.Ct. 106, 30 L.Ed.2d 107 (1971); *Sonberg v. Bergere,* 220 Cal.App.2d 681, 34 Cal.Rptr. 59, 60 (1963); *Carlson v. Carlson,* 346 N.W.2d 525, 526–27 (Iowa 1984); *Cockerham v. Consolidated Underwriters,* 262 So.2d 119, 121 (La.App.1972); *McKinney v. Truck Ins. Exch.,* 324 S.W.2d 773, 775 (Mo.App.1959); *Swiezynski v. Civiello,* 126 N.H. 142, 489 A.2d 634, 638 (1985): *Mazzuchelli v. Silberberg,* 29 N.J. 15, 148 A.2d 8, 12 (1959); *Williams v. Hartshorn,* 296 N.Y. 49, 69 N.E.2d 557, 559 (1946); *Watson v. G.C. Assocs. L.P.,* 691 P.2d 417, 419 (Nev.1984); *Greenya v. Gordon,* 389 Pa. 499, 133 A.2d 595, 596–97 (1957); *Daniels v. Roumillat,* 264 S.C. 497, 216 S.E.2d 174, 176 (1975); *Lawler v. Dallas Statler–Hilton Joint*

*Venture,* 793 S.W.2d 27, 34 (Tex.App.1990); *Cook v. Peter Kiewit Sons Co.,* 15 Utah 2d 20, 386 P.2d 616, 618 (1963); *Candler v. Hardware Dealers Mut. Ins. Co.,* 57 Wis.2d 85, 203 N.W.2d 659, 661 (1973); *Brebaugh v. Hales,* 788 P.2d 1128, 1135 (Wyo.1990); *contra Monson v. Arcand,* 239 Minn. 336, 58 N.W.2d 753, 756 (1953).

**4.** The "dual persona" doctrine provides that

> [a]n employer may become a third person, vulnerable to tort suit by an employee, if—and only if—he possesses a second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal persona.

2A Arthur Larson & Lex K. Larson, The Law of Workmen's Compensation § 72.81 (1994). Our holding is based on the fact that the ladder was manufactured prior to the formation of the partnership. Whether a partner could be sued for actions taken during the existence of the partner-

case, if AADCO's negligence in building the drill rig occurred during its original construction, and a person who was not a partnership employee was injured as a result, the partnership and the other partner would not be liable. Huf's tort claim against AADCO therefore is not one he could make against the partnership or Pool Alaska.

Our holding today is supported by our prior worker's compensation decisions arising in non-partnership contexts, where this court historically has construed "employer" narrowly. In *Miller v. Northside Danzi Construction Co.*, 629 P.2d 1389, 1391 (Alaska 1981), we held that a contractor who was statutorily liable for a subcontractor's workers' compensation liability, and who in fact had paid compensation to an employee of the subcontractor, was not an "employer" for the purpose of immunity. In *Croxton v. Crowley Maritime Corp.*, 817 P.2d 460, 466 (Alaska 1991), we held that a parent corporation was not immune by virtue of its subsidiary's immunity, where an employee of the parent corporation was negligent, resulting in the death of an employee of the subsidiary. We noted that "[b]ecause Crowley attained advantage from operating in [corporate form], simple fairness and the weight of analogous precedent require it to accept the incidental disadvantage of liability for its employee's negligence." *Id.* at 467. *See also Everette v. Alyeska Pipeline Servs. Co.*, 614 P.2d 1341, 1346 n. 5 (Alaska 1980) (holding similar to *Miller*).

AADCO's alleged negligence occurred during the building of the drill rig. This occurred prior to the formation of, and obviously not in the course of the business of, the partnership. Whatever separate rights and liabilities exist in a partnership, they did not exist at the time the drill rig was built. The fact that a partnership which included AADCO was later formed does not divest AADCO of its prior identity.

Partner liability issues appeared in our recent opinion in *Williams v. Mammoth of Alaska, Inc.*, 890 P.2d 581 (Alaska 1995), where the estate of an employee of a limited partnership sued the general partner in tort. The superior court granted summary judgment for the general partner. In upholding the grant, we agreed with the majority rule that exempts partners from suits by employees. We also held that no facts existed showing that the partner was acting in any capacity other than the decedent's employer. The holdings in *Williams* and the instant case are harmonious. Here, the acts giving rise to the alleged tort occurred prior to the formation of the partnership. *Williams* did not present such a factual scenario.

In *State v. Purdy*, 601 P.2d 258 (Alaska 1979), we rejected the "dual capacity" doctrine. We do not retreat from that rejection in this case. Our conclusion is not based on AADCO acting in dual capacities respecting Huf. *Purdy* involved one entity, the State, allegedly acting in two capacities. In the case before us we have two entities, PAA and AADCO, acting in separate capacities.

## III. *CONCLUSION*

Although a partner of PAA, AADCO was not Huf's "employer" when it built the drill rig. Thus it is not immune from third party liability by virtue of AS 23.30.055. Accordingly, we REVERSE the judgment of the superior court.

---

ship, but in another "persona," is not before the court. Hence we do not address applicability of the "dual persona" doctrine in Alaska.