Rockingham
No. 97-908

JAMES AND ROSEMARY CURRIER

v.

AMERIGAS PROPANE, L.P.

August 6, 1999

*Hall, Hess, Kenison, Stewart, Murphy & Brown, P.A.*, of Manchester (*Francis G. Murphy, Jr.* on the brief), for the plaintiffs.

*Nelson Kinder Mosseau & Gordon, P.C.*, of Manchester (*William C. Saturley* and *Gordon J. MacDonald* on the brief), and *Beckstein & Blair*, of Boston, Massachusetts (*Frank W. Beckstein, III* on the brief), for the defendant.

JOHNSON, J. The plaintiffs, James and Rosemary Currier, appeal the decision of the Superior Court (*McHugh*, J.) granting defendant Amerigas Propane, L.P.'s motion for summary judgment. We affirm.

The trial court found the following undisputed facts. The defendant is a Delaware limited partnership, *see* DEL. CODE ANN. tit. 6, ch. 17 (1993 & Supp. 1998); *cf.* RSA ch. 304-B (1995 & Supp. 1998), comprised of two partners: the general partner, Amerigas, Inc., *see* DEL. CODE ANN. tit. 6, §§ 17-401 to -406; *cf.* RSA 304-B:22 to :26, and the limited partner, Amerigas Partners, L.P., *see* DEL. CODE ANN. tit. 6, §§ 17-301 to 306; *cf.* RSA 304-B:17 to :21. In December 1995, James Currier was injured while working at a facility owned by the defendant. James Currier was an employee of the general partner at the time of his injuries and has received workers' compensation benefits under an insurance policy owned by the general partner. *See generally* RSA ch. 281-A (Supp. 1998).

The plaintiffs brought suit against the defendant, alleging that the injuries were the result of the defendant's failure to maintain properly the facility where James Currier was injured. The defendant moved for summary judgment, contending that it is not an entity subject to suit, and that even if it were, the plaintiffs' action is barred by the exclusive remedy provision of the Workers' Compensation Law. *See* RSA 281-A:8, I. The trial court granted the defendant's motion on the basis that the defendant was an "employer" under the Workers' Compensation Law, *see* RSA 281-A:2, VIII, and thus the plaintiffs' action is barred. This appeal followed.

> On an appeal from the grant of a motion for summary judgment, we consider the affidavits and all reasonable inferences drawn from them in the light most favorable to the non-moving party. If there is no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, the grant of summary judgment is proper.

*Draper v. Brennan*, 142 N.H. 780, 782-83, 713 A.2d 373, 375 (1998) (quotation omitted); *see* RSA 491:8-a, III (1997). Because no party disputes the essential facts, our inquiry is limited to whether the trial court erred as a matter of law. We note that the trial court, in analyzing this dispute, applied New Hampshire limited partnership

law, and the parties do not dispute that it applies. *But cf. Waite v. Sylvester*, 131 N.H. 663, 667, 560 A.2d 619, 621 (1989). Accordingly, for purposes of this appeal, we will look to our version of the Uniform Limited Partnership Act (ULPA) for guidance. *Cf. Mundaca Investment v. Febba*, 143 N.H. 499, 501, 727 A.2d 990, 991 (1999).

The plaintiffs assert that the trial court erred when it ruled that the defendant, a limited partnership, is not legally recognized as separate and distinct from its general partner, and that the general partner's immunity from suit extends to the limited partnership. We disagree.

The Workers' Compensation Law provides that an employee subject to that chapter waives the right to a separate tort action against his or her employer in exchange for the acceptance of benefits. RSA 281-A:8. The term "employer" is defined in part as "[a] person, *partnership*, association, [or] corporation . . . who employs one or more persons." RSA 281-A:2, VIII(a) (emphasis added). In *Swiezynski v. Civiello*, 126 N.H. 142, 489 A.2d 634 (1985), we addressed the issue of whether a partner-landowner can be sued as a third party for negligence when an injured employee has collected workers' compensation benefits from the partnership. We held that for purposes of the workers' compensation exclusive remedy provision, "a partnership has no legal identity distinguishable from its partners who have retained their statutory rights of management, and hence that such partners qualify as employers under the statute." *Swiezynski*, 126 N.H. at 144, 489 A.2d at 636. We based our decision in that case on both the policies underlying the Workers' Compensation Law, *id.* at 144-46, 489 A.2d at 636-37, and basic principles of partnership law, *id.* at 146-47, 489 A.2d at 638-39.

Here, we must determine whether the immunity enjoyed by a general partner of a limited partnership, who by statute possesses essentially the same powers as a partner in a partnership without limited partners, *see* RSA 304-B:24, I; DEL. CODE ANN. tit. 6, § 17-403(a), is extended to the limited partnership itself. In *Swiezynski*, 126 N.H. at 146-47, 489 A.2d at 638-39, we looked to the policies underlying the Uniform Partnership Act (UPA), *see* RSA ch. 304-A (1995 & Supp. 1998), and recognized that "a partnership is not considered an entity separate from its members, except in limited circumstances," *Swiezynski*, 126 N.H. at 146, 489 A.2d at 638. As such, "in matters relating to the substantive liabilities and duties of the partners," the partnership and its partners cannot be viewed as separate entities. *Id.* at 147, 489 A.2d at 638. We believe that this reasoning extends to limited partnerships as well. *Cf. Mercier v.*

*Saber*, 888 F.2d 1459, 1462-63 (1st Cir. 1989) (extending *Swiezynski* to limited partnerships).

First, under the New Hampshire Workers' Compensation Law, a distinguishing feature of an employer-employee relationship is the ability of the employer to control the employee's work performance. *See Leeman v. Boylan*, 134 N.H. 230, 233, 590 A.2d 610, 612 (1991). Although in a limited partnership the general partner is usually vested with the power to control and manage the partnership's business, *see* 68 C.J.S. *Partnership* § 430 (1998), and, indeed, the partnership agreement in this case gave the general partner exclusive control of "all management powers over the business and affairs of the Partnership," courts have recognized that this derives from the general partner's status as a "partner" under the statute. *See Mercier*, 888 F.2d at 1462; RSA 304-B:24. *See generally* DEL. CODE ANN. tit. 6, § 17-403. Given the unique structure of a limited partnership, however, the general partner's acts are restricted by its fiduciary duties to the partnership and the limited partners. *See Mercier*, 888 F.2d at 1462-63; 68 C.J.S. *Partnership* § 423. Thus, "the limited partnership is a quasi-corporate entity that can act only through its statutorily designated representative, the general partner." *Mercier*, 888 F.2d at 1463 (quotation omitted). Because the limited partnership acts through its general partner, it would be incongruous to view the limited partnership and the general partner as separate entities for purposes of the exclusivity provision of the Workers' Compensation Law. *Cf. Leeman*, 134 N.H. at 234, 590 A.2d at 612-13 (parent may claim employer immunity if it is *alter ego* of subsidiary); RSA 281-A:8, I(b). Accordingly, we hold that the plaintiffs' claims are barred by RSA chapter 281.

Furthermore, although the provisions of the ULPA, RSA chapter 304-B, do not address whether the exclusive remedy provision extends to a limited partnership where the general partner has provided benefits, it instructs that "[i]n any case not provided for in this chapter the provisions of the Uniform Partnership Act, RSA 304-A, shall govern." RSA 304-B:63; *accord* DEL. CODE ANN. tit. 6, § 17-1105. Indeed, it is our usual practice to look to the interpretation of the UPA in deciding questions of law regarding limited partnerships where the ULPA is silent and the two statutes do not conflict. *Cf. Baybank v. Catamount Construction, Inc.*, 141 N.H. 780, 782-84, 693 A.2d 1163, 1165-66 (1997). In *Swiezynski*, 126 N.H. at 144, 489 A.2d at 636, we held that the exclusive remedy provision applies to both a partner and partnership except where a partner

has abrogated its management duties. Here, the partnership, and not the partner, is being sued, and thus the exception laid out in *Swiezynski* does not apply. Uniformity, however, compels a holding that the defendant in this case is shielded from suit by the Workers' Compensation Law. Furthermore, it would be unwise to create an artificial distinction that would effectively abrogate a basic tenet of our Workers' Compensation Law regarding employer immunity and would treat the defendant as a separate entity, subject to common law liability, where its general partner is protected under the act. *See Watson v. G.C. Associates Ltd. Partnership*, 691 P.2d 417, 419 (Nev. 1984).

We have reviewed the plaintiffs' remaining arguments and find them in this case to be without merit and warranting no further discussion. *See, e.g., Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Affirmed.*

All concurred.