**VIRZI SUBARU, INC., Plaintiff, Appellee,**

v.

**SUBARU OF NEW ENGLAND, INC., Defendant, Appellant.**

**No. 84–1115.**

United States Court of Appeals, First Circuit.

Argued June 8, 1984.

Decided Aug. 30, 1984.

Robert W. Mahoney, Boston, Mass., with whom Donald R. Frederico and Hale & Dorr, Boston, Mass., were on brief, for defendant, appellant.

Allan R. Rosenberg, Boston, Mass., with whom Alexander Whiteside and Putnam, Bell & Russell, Boston, Mass., were on brief, for plaintiff, appellee.

Before CAMPBELL, Chief Judge, STEWART,* Associate Justice (Retired), and BOWNES, Circuit Judge.

BOWNES, Circuit Judge.

This appeal is taken from an order of the United States District Court for the District of Massachusetts awarding attorney's fees to appellee under the Connecticut statute regulating franchising practices, Conn. Gen.Stat. §§ 42–133e to 42–133h. We affirm.

At the time this action was brought, plaintiff-appellee Virzi Subaru, Inc. (Virzi), held a franchise from defendant-appellant Subaru of New England, Inc. (SNE), for the retail sale and servicing of Subaru automobiles imported from Japan. Virzi's franchise was for a renewable three-year term: it was initially granted in 1974, renewed in 1977, and came due for a second renewal as of January 1, 1980. In December, 1979, however, SNE found itself unable to schedule a refranchising meeting and proposed a six-month "extension" of the existing franchise through June 30,

* Of the Supreme Court of the United States, sitting by designation.

1980, which Virzi accepted. In a letter dated June 19, 1980, SNE notified Virzi that it intended not to renew the franchise due, *inter alia*, to purported deficiencies in Virzi's sales performance, service department, building area, and credit line; the nonrenewal was to become effective on September 1, 1980.

■ Virzi filed its complaint on August 19, 1980, based on the following provisions of the Connecticut franchise statute:

> No franchisor shall ... terminate, cancel or fail to renew a franchise, except for good cause which shall include, but not be limited to the franchisee's refusal or failure to comply substantially with any material and reasonable obligation of the franchise agreement .... The franchisor shall give the franchisee written notice of such termination, cancellation or intent not to renew, at least sixty days in advance to such termination, cancellation or failure to renew with the cause stated thereon....
>
> ....
>
> ... [N]o franchise entered into or renewed on or after October 1, 1973, whether oral or written, shall be for a term of less than three years and for successive terms of not less than three years thereafter unless cancelled, terminated or not renewed pursuant to ... this section.

Conn.Gen.Stat. § 42–133f(a) & (c). Virzi alleged that SNE's attempted nonrenewal of the franchise violated the sixty-day notice and three-year minimum term requirements, and that there was no good cause for nonrenewal. In its prayer for relief, Virzi sought a temporary restraining order (TRO) and a preliminary injunction pending adjudication on the merits, as well as damages and "reasonable attorneys' fees" as authorized by the statute:

> Any franchisee may bring an action for violation of sections 42–133e to 42–133g, inclusive, ... to recover damages sustained by reason of such violation, ... and, where appropriate, may apply for injunctive relief .... Such franchisee, if successful, shall be entitled to costs, in-

cluding, but not limited to, reasonable attorneys' fees.

*Id.*, § 42–133g.

On August 27, 1980, after the submission of affidavits and memoranda of law, the district court held a hearing, at the conclusion of which the court announced from the bench its findings that (a) Virzi would likely prevail on the merits, (b) the threatened nonrenewal of the franchise as of September 1, 1980, would constitute irreparable harm, and (c) SNE would suffer no pecuniary harm, only administrative inconvenience, if nonrenewal were enjoined. Accordingly, the court entered a TRO dated August 28, 1980, "restrain[ing] and enjoin[ing] [SNE], pending a hearing and decision on a Preliminary Injunction, from terminating, cancelling, failing to renew, or refusing to continue the franchise relationship."

No further action was taken with respect to the TRO. SNE neither moved to dissolve the order nor sought to appeal it; no extension was granted; no hearing on a motion for a preliminary injunction was held. Apparently, the parties took to heart the district court's suggestion that they attempt to resolve their differences out of court. Virzi and SNE engaged in a protracted series of conferences and negotiations, which we need not describe in detail here, and conducted substantial discovery. On September 9, 1982, having reached no agreement, SNE notified Virzi that the franchise would not be renewed upon the expiration of what SNE viewed as the current three-year term ending December 31, 1982. SNE gave essentially the same reasons as in its previous notice of nonrenewal in 1980. In October, 1982, SNE filed a separate suit in the same district court seeking a declaratory judgment sanctioning the proposed nonrenewal. The franchise was apparently not terminated at the end of 1982, however, and Virzi was able to sell its franchise on favorable terms in July, 1983.

On September 26, 1983, Virzi moved for summary judgment on its substantive claims and for attorney's fees. By order

dated January 5, 1984, after a hearing, the district court dismissed the substantive claims for mootness, but, relying on our decision in *Nadeau v. Helgemoe*, 581 F.2d 275 (1st Cir.1978), awarded attorney's fees of $22,003.06, the full amount requested by Virzi. On January 11, 1984, SNE's independent suit for declaratory relief was dismissed for mootness.

On appeal, SNE contends that Virzi is entitled to no attorney's fees at all because it was not a "successful" litigant within the meaning of the Connecticut statute. Conn. Gen.Stat. § 42-133g. SNE correctly points out that the case never proceeded to final judgment on the merits; indeed, there was no hearing or ruling on Virzi's request for a preliminary injunction to maintain the status quo pending final adjudication. The only formal relief Virzi obtained was the TRO of August 28, 1980, which both parties as well as the district court viewed as remaining in force until the case was dismissed three years later. Although the propriety of extending the TRO beyond the ten-day limit in Federal Rule of Civil Procedure 65(b) may be questioned, *see Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 443–45, 94 S.Ct. 1113, 1126–27, 39 L.Ed.2d 435 (1974), the issue was not raised by the parties in the district court or in this court, and we need not consider it. *Johnston v. Holiday Inns, Inc.*, 565 F.2d 790, 797 (1st Cir.1977).

■ The Connecticut statute provides that a franchisee who brings an action for substantive violations is entitled to reasonable attorney's fees "if successful." There appears to be no contemporaneous legislative history to shed light on what the legislature intended by the term "successful."[1] Nor has the statute been construed in Connecticut courts with respect to the threshold requirements for attorney's fee awards.

We must, therefore, proceed by analogy to consider similar state and federal laws.

■ The only persuasive precedent we have found in state law arose under the New Jersey franchise statute providing that a "successful" franchisee litigant shall recover reasonable attorney's fees. N.J. Stat.Ann. § 56:10–10. In *Westfield Centre Service, Inc. v. Cities Service Oil Co.*, 172 N.J.Super. 196, 411 A.2d 714 (1980), the franchisee brought suit in state court and obtained an interlocutory injunction, the state-law equivalent of a federal preliminary injunction. While the injunction was still in force, the franchisee's business operations ceased for reasons unrelated to the merits. The injunction was then dissolved, and the case went to trial on the issue of the statute's validity. The statute was upheld, but all of the franchisee's substantive claims were rejected. On appeal, the court stated:

> The only "successful" effort in terms of legislative intent under the statute is that effort in which counsel has prevailed for the practical benefit of his client. In the case before us the only effort which was successful on behalf of [the franchisee] to the extent that plaintiff enjoyed a practical benefit was that resulting in the interlocutory injunctions permitting continued operation of the franchise .... Had the proceedings terminated at that point [when business operations ceased], defendant would have been obligated to compensate plaintiff's counsel for the legal work involved in obtaining the interlocutory injunction.

*Id.* 411 A.2d at 716–17. Thus, a franchisee is considered "successful" under the New Jersey statute, regardless of whether he prevails on the merits, if he obtains a "practical benefit" such as the "continued operation of the franchise" as a result of his attorney's efforts. The present case is

---

**1.** SNE draws our attention to certain remarks of Senator Rome, one of the authors of the original bill, made at a hearing on proposed amendments held two years after the franchise statute was enacted. Although we do not disregard subsequent legislative history when it is the only available source, *see Roosevelt Campobello Inter-*

*national Park Commission v. United States Environmental Protection Agency*, 711 F.2d 431, 436–37 (1st Cir.1983), we find Senator Rome's reference to a "valid complaint" and a "just cause" as predicates for an award of attorney's fees to be completely uninstructive on the issue before us.

functionally indistinguishable from *Westfield Centre Service*: Virzi obtained injunctive relief without which it would have. been impossible to retain the franchise during the pendency of the suit. The fact that the case was eventually dismissed for mootness does not detract from the practical benefit obtained for Virzi by its attorneys.

■ A further analogy may be drawn to the federal civil rights attorney's fee statute, which provides, in relevant part:

> In any action or proceeding to enforce a provision of [specified civil rights sections], ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988.[2] Under the federal statute, a party may recover attorney's fees, even without a final favorable judgment on the merits, if his suit prompts actions outside the courtroom that afford the relief sought by the suit, such that (a) as a matter of fact, his suit was a "necessary and important factor in achieving the improvements," and (b) as a matter of law, the suit was not frivolous, unreasonable or groundless. *Coalition for Basic Human Needs v. King*, 691 F.2d 597, 599 (1st Cir.1982), citing *Nadeau v. Helgemoe*, 581 F.2d 275, 279–81 (1st Cir.1978). The district court found that Virzi's "single objective" in bringing suit was to obtain "continuation of its dealership franchise," and that "[o]nly by keeping the pressure of this litigation to bear upon [SNE] was [Virzi] able to continue its dealership until it was sold for a substantial sum to another party." This finding, which was not clearly erroneous, satisfies the first limb of the applicable standard. As for the second, the district court ruled as a matter of law that none of Virzi's several legal theories underlying its claim was "frivolous, unreasonable or groundless." In view of the ambiguity of the Connecticut statute's substantive provisions and the lack of authority interpreting them, we agree. The federal attorney's fee statute thus provides additional support for the district court's finding that Virzi was a "successful" party entitled to attorney's fees.

■ Under the federal statute, the amount of the award, based on the number of documented hours of work multiplied by a reasonable hourly rate, is a matter for the district court's equitable discretion. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–37, 103 S.Ct. 1933, 1939–41, 76 L.Ed.2d 40 (1983); *Lamphere v. Brown University*, 610 F.2d 46, 47–48 (1st Cir. 1979). Presumably, the same is true under the Connecticut statute. The district court found that Virzi "prevailed completely," and that its application was adequately supported by "detailed and comprehensive time records." The district court accepted as "necessary and reasonable" the hours spent by Virzi's attorneys in preparing the complaint, obtaining the TRO, pursuing discovery and holding settlement conferences, and determined that the rate of $100 per hour was "clearly reasonable as an average." It also compared the amount of the fee request to the total financial benefit achieved, and found no disproportion. We find no legal error in the standards adopted by the district court, and no abuse of discretion in their application.

*Affirmed.*

---

**2.** The federal statute, it is true, is not identical to the Connecticut statute governing this case. The federal statute gives a trial court discretion to deny an award of attorney's fees where "special circumstances would render such an award unjust," S.Rep. No. 94–1011 at 4 (1976) U.S.Code Cong. & Admin.News 1976, pp. 5908, 5912 (quoting *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)), while the Connecticut statute appears to make an award mandatory. Also, the federal statute authorizes awards to the "prevailing party," whether plaintiff or defendant, while the Connecticut statute limits awards to "successful" "franchisee[s]." A prevailing defendant under the federal statute, therefore, may be awarded attorney's fees if the plaintiff's suit was "frivolous, unreasonable or groundless," *Christianburg Garment Co. v. E.E. O.C.*, 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978); a nonfranchisee defendant has no claim for attorney's fees at all under the Connecticut statute. These distinctions do not affect our reasoning in the present case.