**Eve MERCIER**

v.

**SABER, INC., Robert B. Milligan, Jr. and Linda Naiss.**

Civ. A. No. 88–0534 L.

United States District Court, D. Rhode Island.

March 10, 1989.

Thomas Pearlman, Providence, R.I., for plaintiff.

Robert G. Jeffrey and John Walsh, Higgins Cavanagh & Cooney, Providence, R.I., for defendants.

### MEMORANDUM AND ORDER

LAGUEUX, District Judge.

This matter is before the Court on defendants' motion for summary judgment under Fed.R.Civ.P. 56. It presents the issue of whether an injured employee who is receiving workers' compensation benefits from a limited partnership can bring a common law action against a corporate general partner for the same injuries.

Defendants, a corporate general partner and two of its officers, contend that such an action is barred by R.I.Gen.Laws § 28–29–20 (1956) which provides that the right to workers' compensation for job-related injuries precludes rights and remedies against the employer, its directors, officers, agents, and employees concerning those same injuries. Defendants argue that § 28–29–20 is applicable to the current dispute because plaintiff, Eve Mercier, was in effect an employee of the general partner. Defendants claim that this case presents no genuine issues of material fact and that they are entitled to judgment as a matter of law.

Plaintiff takes the position that § 28–29–20 does not apply to this dispute because the general partner performed different functions and maintained a different identity at the time of her injury. Plaintiff thus argues that she was not employed by defendants and that R.I.Gen.Laws § 28–35–58 (1985 Reenactment) controls this controversy. This statute allows an injured worker to seek damages for liability against "some person other than the employer." She maintains there are critical factual issues that, when resolved, will show that defendants are persons other than her employer. This distinction between the limited partnership employer and the general partner, according to plaintiff, establishes defendants' amenability to suit. She contends that her complaint, which sounds in negligence, contract breach, nuisance, and *res ipsa loquitur*, should not be dismissed pursuant to defendants' motion for summary judgment.

The pertinent facts of this controversy are as follows. Plaintiff is a Massachusetts resident who was employed as an actress and bookkeeper at The Astors' Beechwood, an historic mansion located at 580 Bellevue Avenue in Newport, Rhode Island. Her employer, Historic Newport, is a limited partnership organized under Rhode Island law. Historic Newport operates The Astors' Beechwood with hosts, hostesses, and actors who dress in nineteenth century costumes and serve as butlers and maids for functions and tours at the mansion.

Defendant Saber, Inc. is a Connecticut corporation and the only general partner of Historic Newport. Defendants Robert Milligan, Jr. and Linda Naiss are officers of the corporation. Saber, besides being the general partner of Historic Newport, is engaged in the management, renovation, and rehabilitation of historic buildings. Saber's three-person Newport staff, headed by Naiss, operated from an office in The Astors' Beechwood. Saber, as the general partner of Historic Newport maintained the

property. It also hired, supervised, and paid the personnel involved in functions and tours at the estate. Title to the real property is held in the limited partnership name, Historic Newport. Saber pays taxes on personalty located on the premises which it owns apart from the limited partnership.

Historic Newport and Saber are both named insureds on a comprehensive general liability insurance policy but they apparently maintain separate workers' compensation coverage. Historic Newport and Saber also use separate payrolls and file separate income tax returns. That is because Saber performs functions other than being simply a general partner of Historic Newport.

Plaintiff Mercier was allowed to live on the estate as part of her compensation. When she was not performing role-playing or bookkeeping services for Historic Newport, she sometimes tended to house plants that were kept in a solarium in the mansion. On the evening of February 9, 1987, while working in the solarium, Mercier fell through a floor-level glass skylight and sustained serious injuries that included multiple bone fractures. She is currently receiving full weekly workers' compensation benefits from Historic Newport and its insurance carrier.

Mercier now asserts that she was not employed by Saber or its officers. She states, however, that these defendants are responsible for her injuries because they had exclusive control over building maintenance at The Astors' Beechwood. Mercier argues that Milligan and Naiss, acting on behalf of Saber, breached a duty owed to her to maintain a safe solarium in the mansion.

The defendant corporation, Saber, contends that it was the only active general partner in the Historic Newport limited partnership that operated the Newport estate. As such, it was the plaintiff's employer with immunity from suit under the exclusive remedy provision of § 28–29–20. Additionally, the individuals named as defendants claim Workmen's Compensation Act immunity under the 1984 Rhode Island

Supreme Court decision in *Greco v. Farago*, 477 A.2d 98 (R.I.1984). All contentions raised by the parties turn on the question of whether Saber was Mercier's employer.

Limited partnerships are a statutory creation. 59A Am.Jur.2d *Partnership* § 1231 (1987). Their primary purpose is "to permit a form of business enterprise, other than a corporation, in which persons [can] invest money without becoming liable as general partners for all debts of the partnership." *Klein v. Weiss*, 284 Md. 36, 395 A.2d 126, 135 (1978), citing 2 R. Rowley, *Rowley on Partnership*, § 53.0 (2d ed. 1960); 60 Am.Jur.2d *Partnership* § 371 (1972). To encourage such investment, Rhode Island adopted a slightly modified version of the 1976 Revised Uniform Limited Partnership Act, 1985 R.I.Pub.Laws 390, and its 1985 amendments, 1987 R.I. Pub. Laws ch. 440. R.I.Gen.Laws § 7–13–1 *et seq.* (1985 Reenactment).

This statutory scheme, unlike Rhode Island's statutory provisions for partnerships, R.I.Gen.Laws § 7–12–1 *et seq.* (1985 Reenactment), requires the filing of a limited partnership certificate with the secretary of state. This registration procedure places those who deal with the enterprise on notice concerning the identities of the general and limited partners. 59A Am.Jur. 2d *Partnership* § 1374 (1987). Such public notice protects creditors and claimants by naming members of the limited partnership and distinguishing between general partners with unlimited liability and limited partners whose liability is restricted to the amount of their investment.

Under the Revised Uniform Limited Partnership Act, a general partner possesses sole management responsibility for the limited partnership. That partner "has the rights and powers and is subject to the restrictions of a partner in a partnership without limited partners." R.I.Gen.Laws § 7–13–24(a). Unlike a common law partner, however, the statutorily created general partner is not the per se agent of the limited partnership, *compare* R.I.Gen.Laws § 7–12–20 (1957), in that he acts autonomously without direction from a principal. *Klein v. Weiss*, 395 A.2d at 139. Rather,

the legal status of the general partner more closely resembles that of a corporate director whose broad authority is restricted by a fiduciary duty to the business organization and its investors. *Id.* Consequently, the limited partnership is a quasi-corporate entity that can act only through its statutorily designated representative, the general partner.

In the case at bar, Saber performed all the management functions that furthered the purposes of the limited partnership. These functions included maintenance of the limited partnership's property and the hiring and supervision of its employees. The fact that these duties were discharged by Saber as a corporation, through its officers, agents and employees, does not alter its position as general partner and sole manager of Historic Newport.

The fact that Saber chose to conduct business and perform functions other than solely as a general partner of Historic Newport is irrelevant to this case. It is also immaterial that Saber chose to operate Historic Newport with a separate payroll, workers' compensation coverage, and employment contracts. What is important here is that title to the limited partnership's primary asset, The Astors' Beechwood, was held by Historic Newport and managed by Saber. It does not matter that personalty on the premises—motor vehicles, furnishings and the like—were owned by and taxed to Saber. Decisions concerning the limited partnership's manner of operation, including the form of its liability insurance coverage, could only be made by the general partner, Saber. In short, for purposes of this case, Saber *is* Historic Newport.

Defendant Milligan in his capacity as a Saber officer exercised final approval over Historic Newport's maintenance matters. Defendant Naiss, in her capacity as a Saber officer, managed Historic Newport's day-to-day operations, including the supervision of personnel.

Plaintiff Mercier was an employee of the limited partnership. She served Historic Newport at the direction and pleasure of Naiss. This arrangement gave her constructive, if not actual, notice that Saber was her supervisor and in effect, her employer.

It follows from this discussion that common law actions for work-related injuries against a general partner are barred when the injured employee is already receiving workers' compensation from the limited partnership.

Since Saber employed Mercier through its limited partnership with Historic Newport, the corporation and its officers are immune from suit under R.I.Gen.Laws § 28–29–20. Defendants Milligan and Naiss clearly are covered by the ruling in *Greco v. Farago*, 477 A.2d 98 (R.I.1984), in which the Rhode Island Supreme Court determined that § 28–29–20 bars common law actions for work-related injuries against corporate officers when the injured employee is already receiving workers' compensation through the auspices of the corporation.

Had Milligan or Naiss caused plaintiff injury by acts or omissions outside the purview of their official duties as managers of Historic Newport, they might be individually amenable to suit. Here however, the duties to maintain the safety of The Astors' Beechwood and to supervise employees clearly were among their official responsibilities for Historic Newport. If Milligan or Naiss had injured Mercier through acts or omissions in furtherance of a separate Saber project, perhaps then plaintiff could recover against the responsible individual and the corporate employer. By way of example, if an on-duty employee of Historic Newport were struck and injured by a Saber-owned vehicle driven by a Saber officer en route to service another historic property managed by that corporation, the injured employee could recover workers' compensation benefits against Historic Newport and also maintain an action for personal injuries against the driver and Saber. The facts in this instant dispute are that Saber was acting as a general partner of Historic Newport and therefore plaintiff cannot maintain an action against Saber and its officers after securing workers' compensation benefits against Historic Newport.

For these reasons, defendants' motion for summary judgment is granted.

*It is so Ordered.*