Eve MERCIER, Plaintiff, Appellant,

v.

**SABER, INC., et al.,
Defendants, Appellees.**

No. 89–1307.

United States Court of Appeals,
First Circuit.

Heard Sept. 7, 1989.

Decided Nov. 8, 1989.

As Amended Nov. 15, 1989.

Arlene Violet, with whom Pearlman, Vogel & Violet, Providence, R.I., were on brief, for plaintiff, appellant.

Robert G. Jeffrey, with whom Higgins, Cavanagh & Cooney, Providence, R.I., were on brief, for defendants, appellees.

* Senior Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Before BOWNES, ALDRICH and GIBSON *, Circuit Judges.

BOWNES, Circuit Judge.

This appeal presents the question of whether under Rhode Island law an injured employee who is receiving workers' compensation benefits from her employer, a limited partnership, can bring a common law action against a corporate general partner of the limited partnership for the same injuries.

Plaintiff-appellant, Eve Mercier, while collecting workers' compensation benefits from her employer Historic Newport, a limited partnership, for injuries suffered in a work accident, filed suit based on common law negligence and breach of contract against defendants-appellees, Saber, Inc. (Saber), the general partner, and Linda Naiss and Robert Milligan, Jr., corporate officers of Saber. Responding to Saber's motion for summary judgment, plaintiff asserted that Saber was not her employer at the time of her injury but was a third party unprotected by the exclusive remedy provision of Rhode Island's Workers' Compensation Act, R.I.Gen.Laws § 28–29–20 (1986 Reenactment). The district court, in granting Saber's motion for summary judgment, ruled that Saber and Historic Newport were the same entity, ("Saber *is* Historic Newport"), and held that under Rhode Island law "common law actions for work-related injuries against a general partner are barred when the injured employee is already receiving workers' compensation from the limited partnership." *Mercier v. Saber, Inc.*, 708 F.Supp. 27, 30 (D.R.I.1989). Plaintiff appeals from the summary judgment on the ground that the district court erred as a matter of law.

## *Standard of Review*

Normally the issue on an appeal from summary judgment is whether there is a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202

(1986); *Oliver v. Digital Equipment Corp.*, 846 F.2d 103, 105 (1st Cir.1988). This case, however, is the exception that proves the rule. Plaintiff does not dispute the facts relied on by the district court but claims that her discovery was prematurely cut off. The record facts show that there could be nothing supplied that would lead to a different result. The questions before us, therefore, are whether the record facts, viewed in the light most favorable to plaintiff, *Metropolitan Life Insurance Co. v. Ditmore*, 729 F.2d 1 (1st Cir.1984), are a sufficient foundation for the ruling of the district court and, if so, whether that ruling was correct as a matter of law.

### The Facts

We take the facts from the district court opinion:

The pertinent facts of this controversy are as follows. Plaintiff is a Massachusetts resident who was employed as an actress and bookkeeper at The Astors' Beechwood, an historic mansion located at 580 Bellevue Avenue in Newport, Rhode Island. Her employer, Historic Newport, is a limited partnership organized under Rhode Island law. Historic Newport operates The Astors' Beechwood with hosts, hostesses, and actors who dress in nineteenth century costumes and serve as butlers and maids for functions and tours at the mansion.

Defendant Saber, Inc. is a Connecticut corporation and the only general partner of Historic Newport. Defendants Robert Milligan, Jr. and Linda Naiss are officers of the corporation. Saber, besides being the general partner of Historic Newport, is engaged in the management, renovation, and rehabilitation of historic buildings. Saber's three-person Newport staff, headed by Naiss, operated from an office in The Astors' Beechwood. Saber, as the general partner of Historic Newport maintained the property. It also hired, supervised, and paid the personnel involved in functions and tours at the estate. Title to the real property is held in the limited partnership name, Historic Newport. Saber pays taxes on personal-

ty located on the premises which it owns apart from the limited partnership.

Historic Newport and Saber are both named insureds on a comprehensive general liability insurance policy but they apparently maintain separate workers' compensation coverage. Historic Newport and Saber also use separate payrolls and file separate income tax returns. That is because Saber performs functions other than being simply a general partner of Historic Newport.

Plaintiff Mercier was allowed to live on the estate as part of her compensation. When she was not performing role-playing or bookkeeping services for Historic Newport, she sometimes tended to house plants that were kept in a solarium in the mansion. On the evening of February 9, 1987, while working in the solarium, Mercier fell through a floor-level glass skylight and sustained serious injuries that included multiple bone fractures. She is currently receiving full weekly workers' compensation benefits from Historic Newport and its insurance carrier.

708 F.Supp. at 28–29. We find that these facts, which are not disputed, are sufficient to determine the issue of law.

### The Law

The Workers' Compensation Act of Rhode Island, like that of most states, provides that an employee's right to compensation is in lieu of all common law rights against the employer for that injury. R.I. Gen. Laws § 28–29–20. "The act abolished the employee's right to a common-law action, and deprived the employer of certain common-law defenses, in order to provide a simple and expeditious procedure by which an employee would receive compensation from his employer for injuries sustained in a work-related accident." *Hornsby v. Southland Corp.*, 487 A.2d 1069, 1072 (R.I. 1985). The Rhode Island Workers' Compensation Act, subject to a number of provisos, further states:

Where the injury for which compensation is payable under chapters 29–38, inclusive, of this title, was caused under circumstances creating a legal liability in some person other than the employer to

pay damages in respect thereof, the employee may take proceedings, both against that person to recover damages and against any person liable to pay compensation under those chapters for that compensation, and the employee shall be entitled to receive both damages and compensation.

R.I.Gen.Laws § 28–35–58. "Employer," as defined in the statute, includes a "co-partnership." R.I. Gen. Laws § 28–29–2(1).

In order to determine whether Saber, as the general partner of Historic Newport, was the plaintiff's employer under § 28–29–20 of the Workers' Compensation Act we must examine the Rhode Island statutes pertaining to partnerships.

Rhode Island's Uniform Limited Partnership Act provides:

General rights, powers and liabilities.—(a) Except as provided in this chapter or in the partnership agreement, a general partner of a limited partnership has the rights and powers and is subject to the restrictions of a partner in a partnership without limited partners.

(b) Except as provided in this chapter a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to persons other than the partnership and the other partners. Except as provided in this chapter or in the partnership agreement, a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to the partnership and to the other partners.

R.I. Gen. Laws § 7–13–24 (1985 Reenactment and Supp.1988). The pertinent provisions of Rhode Island's Uniform Partnership Act are as follows:

**Partnership bound by partner's wrongful act.**

Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his co-partners, loss or injury is caused by any person, not being a partner in the partnership, or any penalty is incurred, the partnership

is liable therefor to the same extent as the partner so acting or omitting to act. R.C.Gen.Laws § 7–12–24. Section 7–12–26 makes all partners liable jointly and severally for everything chargeable to the partnership under § 7–12.

Under these provisions it is clear that a partner is liable for the partnership's wrongful acts, and conversely the partnership is liable for a partner's wrongful acts committed in the course of partnership business. What is not clear is whether a partner may be sued for wrongful acts as a separate entity after liability has been assessed to the partnership and the partnership has met the liability obligation.

The Rhode Island courts have been silent on this issue. Nor is there any contemporaneous legislative history that would serve to guide a court in determining the nature of partner/partnership liability. We, therefore, "must ... proceed by analogy to consider similar state and federal laws." *Virzi Subaru v. Subaru of New England*, 742 F.2d 677, 680 (1st Cir.1984).

New Hampshire has fairly recently considered the issue before us. Before examining the New Hampshire case, we first point out that the New Hampshire and Rhode Island partnership laws are similar and in some instances the language of the statutes is identical. The rights, powers and liabilities of a general partner under New Hampshire's Limited Partnership Act, N.H.Rev.Stat.Ann. § 305:10 (1984) are essentially the same as under R.I. Gen. Laws § 7–13–24. The language making a partnership bound by a partner's wrongful act is identical in both states. *Compare* N.H. Rev.Stat.Ann. § 304–A:13 with R.I.Gen. Laws § 7–12–24. And in both states all partners are "jointly and severally liable for everything chargeable to the partnership." N.H.Rev.Stat.Ann. § 304–A:15; R.I.Gen.Laws § 7–12–26.

In *Swiezynski v. Civiello*, 126 N.H. 142, 489 A.2d 634 (1985), the plaintiff was employed as a clerk at a grocery store, which was operated by two individuals as a partnership. The store premises were owned by the same individuals as tenants in common. As in the case at bar, the plaintiff

fell on the premises and was injured. After receiving workers' compensation, plaintiff sued the two individuals that operated the store and owned the premises on the theory that her injury resulted from a breach of the duty of care owed her by the defendants as landowners. *Id.* at 143–44, 489 A.2d at 636. The New Hampshire Supreme Court stated the issue as follows: "The issue before us is whether a partnership employee who has received workers' compensation benefits for an injury received in the course of employment may maintain a negligence action against an individual partner who owns the work premises for this same injury." The court held:

> We find that, for purposes relevant here, a partnership has no legal identity distinguishable from its partners who have retained their statutory rights of management, and hence that such partners qualify as employers under the statute. Our holding is necessitated by the Workers' Compensation Law's conception of what constitutes an employment relationship and by the statute's underlying policy. Our conclusion that a partnership does not, in this context, constitute a legal entity distinguishable from its partners is consistent with New Hampshire partnership law, case law under the Workers' Compensation Law, and the decisions of the vast majority of the jurisdictions that have considered this question.

*Id.* at 144, 489 A.2d 634.[1]

We agree with the New Hampshire Supreme Court that the decisions of "the vast majority" of courts that have considered this issue hold that a partnership, in this context, does not constitute a legal entity distinguishable from its partners. *See e.g., Carlson v. Carlson,* 346 N.W.2d 525, 527 (Iowa 1984); *Sonberg v. Bergere,* 220 Cal. App.2d 681, 683, 34 Cal.Rptr. 59, 60 (1963); *Mazzuchelli v. Silberberg,* 29 N.J. 15, 22, 148 A.2d 8, 12 (1959); *Greenya v. Gordon,* 389 Pa. 499, 500, 133 A.2d 595, 596 (1957);

*Daniels v. Roumillat,* 264 S.C. 497, 501–03, 216 S.E.2d 174, 176–177 (1975); *Candler v. Hardware Dealers Mut. Ins. Co.,* 57 Wis.2d 85, 88, 203 N.W.2d 659, 661 (1973).

The impact of what is clearly the majority rule is heightened by Rhode Island's Partnership Act, which states that its provisions "shall be so interpreted and construed as to effect their general purpose to make uniform the law of those states which enact them." R.I.Gen.Laws § 7–12–15.

We recognize that plaintiff has cited cases to the contrary, which she characterizes as a "rising tide." Suffice to say that the tide has not reached Rhode Island and we do not think it will. The weight of precedent and the reasoning behind it persuade us that Rhode Island would follow the majority rule. This conclusion is influenced to no small extent by the district judge's holding and the fact that he was a Rhode Island Superior Court judge for eighteen years. His prediction of what the Rhode Island Supreme Court would do when faced with this issue cannot be taken lightly. We think that the district court's analysis of a general partner's rights and responsibilities under Rhode Island's Uniform Limited Partnership Act is correct:

> Under the Revised Uniform Limited Partnership Act, a general partner possesses sole management responsibility for the limited partnership. That partner "has the rights and powers and is subject to the restrictions of a partner in a partnership without limited partners." R.I.Gen.Laws § 7–13–24(a). Unlike a common law partner, however, the statutorily created general partner is not the per se agent of the limited partnership, *compare* R.I.Gen.Laws § 7–12–20 (1957), in that he acts autonomously without direction from a principal. *Klein v. Weiss* [284 Md. 36], 395 A.2d [126] at 139 [1978]. Rather, the legal status of the general partner more closely resembles that of a corporate director whose broad

---

1. The court remanded "for a determination as to whether the partnership agreement provided that the defendants did not retain their legal rights of management. Unless it is so provided, the defendants are employers under the Workers' Compensation Law." *Id.* 126 N.H. at 149, 489 A.2d 634.

authority is restricted by a fiduciary duty to the business organization and its investors. *Id.* Consequently, the limited partnership is a quasi-corporate entity that can act only through its statutorily designated representative, the general partner.

708 F.Supp. at 29–30.

### The Result

Defendant Saber, Inc. is the general partner of the limited partnership, Historic Newport. It solely managed the affairs of Historic Newport including maintaining Historic Newport's property and supervising its employees. We agree with the district court that "the fact that these duties were discharged by Saber as a corporation ... does not alter its position as general partner and sole manager of Historic Newport." 708 F.Supp. at 30. Plaintiff was hired by defendant Naiss, a corporate officer of Saber. Historic Newport was the employer of plaintiff for the purpose of making the payments required under Rhode Island's Workers' Compensation Act. As a matter of law Saber, as the general partner of the limited partnership, Historic Newport, was also her employer. An integral part of a limited partnership is its general partner. As a matter of fact, Saber was plaintiff's employer; it hired her and directed her activities. Saber, therefore, comes within the scope of Rhode Island's Workers' Compensation Act § 28–29–20, which insulates an "employer or its directors, officers, agents or employees" from suit by injured employees.

It follows that defendants Naiss and Milligan as corporate officers of Saber are also immune from suit under R.I.Gen.Laws § 28–29–20. In *Greco v. Farago*, 477 A.2d 98 (R.I.1984), the Rhode Island Supreme Court held that, unless an employee's injuries were caused by a corporate officer acting outside of her official duties, or the injuries to the employee were caused by an officer as a "fellow employee," an action against a corporate officer is barred by the exclusive remedy provision of the Workers' Compensation Act when the employee is already receiving workers' compensation benefits. *Id.* at 99–101. Plaintiff does not

offer any allegations that her injuries were caused by Naiss and Milligan as "fellow employees." Nor does she assert that her injuries were caused by these two officers acting outside their capacity as corporate officers. Absent these assertions, *Greco* is controlling.

Affirmed.