TRANSPAC DRILLING VENTURE, 1983–63, by CRESTWOOD HOSPITALS, INC., Plaintiff,

v.

UNITED STATES, Defendant.

TRANSPAC DRILLING VENTURE, 1983–1, by CRESTWOOD HOSPITALS, INC., Plaintiff,

v.

UNITED STATES, Defendant.

TRANSPAC DRILLING VENTURE, 1983–2, by James M. DOBBINS, Plaintiff,

v.

UNITED STATES, Defendant.

TRANSPAC DRILLING VENTURE, 1983–4, by Bryan D. BURR, Plaintiff,

v.

UNITED STATES, Defendant.

TRANSPAC DRILLING VENTURE, 1983–14, by ALISTAR CORPORATION, Plaintiff,

v.

UNITED STATES, Defendant.

TRANSPAC DRILLING VENTURE, 1983–38, by LINDSEY & HALL, INC.,

v.

UNITED STATES, Defendant.

Nos. 90–116T, 90–123T, 90–124T, 90–130T, 90–146T and 90–153T.

United States Claims Court.

Sept. 25, 1992.

Arthur H. Boelter, Seattle, Wash., for plaintiffs.

William K. Drew, Washington, D.C., with whom was Acting Asst. Atty. Gen. Brian C. Griffin, for defendant.

## OPINION

MARGOLIS, Judge.

These tax cases are before the court on defendant's motions to dismiss. Plaintiffs-partnerships filed petitions for readjustment in this court following receipt from the Internal Revenue Service (IRS) of notices of final partnership administrative adjustments (FPAA). Defendant now moves to dismiss, contending that this court lacks subject matter jurisdiction over all the cases.

## FACTS

The IRS conducted partnership level examinations of the 1983 and 1984 tax returns of the plaintiffs-partnerships: Transpac Drilling Venture (TDV) 1983–63, TDV 1983–1, TDV 1983–2, TDV 1983–4, TDV 1983–14, and TDV 1983–38. All the plaintiffs-partnerships are limited partnerships organized under the laws of Delaware. Following completion of the examinations, the IRS mailed FPAAs to each partnership's tax matters partner (TMP) of record at that time.[1]

According to TDV 1983–2, TDV 1983–4, TDV 1983–1, and TDV 1983–63, Adams orally resigned as TMP of the partnerships on January 30, 1990, leaving the partnerships without any remaining general partners eligible to assume the position of TMP. TDV 1983–38 asserts that Cofman resigned as its TMP on February 13, 1990, also leaving it without a general partner eligible to be TMP. TDV 1983–14 maintains that its sole limited partner at the

time, Alistar Corporation (Alistar), removed Adams as its TMP in June 1989, leaving it without a general partner eligible to be TMP.

TDV 1983–2, TDV 1983–4, TDV 1983–1, and TDV 1983–63 further assert that James M. Dobbins (Dobbins), Bryan D. Burr (Burr), and Crestwood Hospitals, Inc. (Crestwood), limited partners of the respective partnerships,[2] were designated general partners for the purpose of serving as TMPs. TDV 1983–38 asserts the same as to Lindsey & Hall, Inc. (Lindsey & Hall). TDV 1983–14 contends only that once Adams was removed as TMP, Alistar, continuing in its capacity as a limited partner, became TDV 1983–14's new TMP.

On February 12, 1990, Adams signed documents entitled "Resignation of Tax Matters Partner and Appointment of New Tax Matters Partner," in which, according to plaintiffs-partnerships, Adams memorialized his oral resignation as TMP of TDV 1983–2, TDV 1983–4, TDV 1983–1, and TDV 1983–63 and appointed Dobbins, Burr, and Crestwood as TMPs for the tax years 1983 and 1984. Although not signed by Dobbins, Burr, and Crestwood, the documents also provided that each "accepts his appointment" and "agrees to become a general partner for this limited purpose only." Cofman apparently executed a similar document for TDV 1983–38 on February 14, 1990.

All of the purported TMPs deposited funds with the IRS equalling their estimates of the increase in taxes if the adjustments made in the FPAAs were upheld. All plaintiffs-partnerships then filed timely petitions for readjustment in this court.

## DISCUSSION

██ In its motions to dismiss, defendant contends that this court is without subject matter jurisdiction because Dobbins, Burr, Crestwood, Lindsey & Hall, and Alistar were not the proper parties to file petitions

---

1. At the time the IRS mailed the FPAAs, Douglas C. Adams (Adams) was the TMP of record for TDV 1983–63, TDV 1983–1, TDV 1983–2, TDV 1983–4, and TDV 1983–14. Morris Cofman (Cofman) was the TMP for 1983–38.

2. Crestwood is a limited partner of both TDV 1983–1 and TDV 1983–63.

for readjustment during the period of time in which they did. According to the Internal Revenue Code of 1986, 26 U.S.C. § 6226(a) (hereinafter I.R.C.), once an FPAA is mailed to the TMP, the TMP has 90 days within which to file a petition contesting the adjustments. This code section allows only for filing by the TMP during this time period, but I.R.C. § 6226(b) permits others to file a petition within 60 days following the expiration of the original 90 day period if the TMP failed to file a readjustment petition within that time.

I.R.C. § 6231(a)(7)(A) permits a partnership to designate its TMP "as provided in regulations,"[3] so long as the person or entity chosen is a general partner in the partnership. If the partnership should fail to designate a TMP, then "the general partner having the largest profits interest in the partnership at the close of the taxable year involved" becomes the TMP. I.R.C. § 6231(a)(7)(B). However, the I.R.C. further provides that the Secretary of the Treasury may designate a TMP for a partnership if no general partner has been designated as such, and it would be "impracticable to apply subparagraph (B)." I.R.C. § 6231(a)(7).

As defendant notes, the aforementioned requirements for filing a petition are jurisdictional in nature because the failure to comply with them means that the petition for readjustment does not effectively commence suit. *See Computer Programs Lambda, Ltd. v. Comm'r,* 89 T.C. 198, 202 (1987). Because Dobbins, Burr, Crestwood, Lindsey & Hall, and Alistar filed the petitions for readjustment within 90 days of the mailing of the FPAAs, this court must determine if they satisfied the TMP requirements.

I. General partner status

Defendant argues that Dobbins, Burr, Crestwood and Lindsey & Hall were not TMPs at the time of the filing of the petitions because they were not general partners of their partnerships. Plaintiffs respond, stating that the appointment of Dob-

bins, Burr, Crestwood, and Lindsey & Hall as general partners properly complied with the law governing the partnerships, Delaware law, as well as with the partnership agreements.

■ To determine if the aforementioned purported TMPs were in fact general partners for purposes of I.R.C. § 6231(a)(7)(A), this court must turn to the law under which the partnerships were created, Delaware limited partnership law. Del.Code Ann. tit. 6, § 17–403 (1974 & Supp.1988), provides that general partners of limited partnerships have "the liabilities of a partner in a partnership without limited partners to persons other than the partnership and the other partners." In other words, general partners assume unlimited liability for partnership debts. *See Mercier v. Saber, Inc.,* 708 F.Supp. 27, 29 (D.R.I.) (construing the Revised Uniform Limited Partnership Act, which Delaware follows), *aff'd,* 888 F.2d 1459 (1st Cir.1989); *Klein v. Weiss,* 284 Md. 36, 395 A.2d 126, 135 (1978) (same). In referring to the resignation and designation documents executed by Adams and Cofman, defendant maintains that Dobbins, Burr, Crestwood, and Lindsey & Hall have not assumed such liability because the documents in question state that the aforementioned partners became general partners for the "limited purpose only" of being TMPs. Defendant concludes that Dobbins, Burr, Crestwood, and Lindsey & Hall remain limited partners only and therefore cannot be TMPs.

■ Plaintiffs-partnerships do not dispute that Dobbins, Burr, Crestwood, and Lindsey & Hall have not assumed unlimited liability, but assert that "the unlimited liability of a general partner has nothing to do with the reason why the regulation calls for the TMP to be a general partner...." In citing *Chomp Assoc. v. Comm'r,* 91 T.C. 1069 (1988), plaintiffs conclude that a TMP need not fully comply with the statutory requirements of general partner status because I.R.C. § 6231 was enacted only to provide the IRS with a contact at a partner-

---

**3.** Temp.Treas.Reg. § 301.6231(a)(7)–1T(b) provides that a person may be a TMP if that person was a general partner in the partnership at some time during the taxable year or at the time the designation as TMP was made.

ship possessing authority to act for the partnership on tax matters; according to plaintiffs, Congress did not intend the statute to ensure that the TMP would have third party liability.

Notwithstanding plaintiffs-partnerships' unsupported conclusions about the intent behind the pertinent I.R.C. provisions, this court finds that because Dobbins, Burr, Crestwood, and Lindsey & Hall have not assumed unlimited liability they cannot be considered general partners, and consequently do not meet the definition of a TMP in I.R.C. § 6231(a)(7)(A).[4] To find otherwise would simply be to ignore the language of the statute and the plain legal meaning associated with that language. Because Dobbins, Burr, Crestwood, and Lindsey & Hall were not TMPs at the time they filed the petitions for readjustment (which was within the initial 90 day period after the mailing of the FPAAs), I.R.C. § 6226(a) has not been satisfied, and the petitions did not effectively commence suit. *See Computer Programs Lambda, Ltd.,* 89 T.C. at 202.[5]

■ Regarding TDV 1983–14, Alistar does not maintain that it was a general partner either at any time during 1983 or 1984 or at the time the purported designation as TMP was made. Alistar instead argues that Temp.Treas.Reg. § 301.-6231(a)–1T(f)(1)[6] authorizes a partnership to appoint a limited partner to serve as TMP and that Alistar was appointed under that regulation. As defendant notes, paragraph (f) must be read in conjunction with paragraph (b), which provides that to be eligible to be a TMP, a person must have been a general partner in the partnership at some time during the tax year in question or must have been a general partner at the time the TMP designation was made. When paragraph (f) is read in light of paragraph (b), this court cannot find that paragraph (b) permits a partnership to name a limited partner as TMP. Paragraph (f) pertains to situations in which no general partners from a tax year in question exist or are eligible to serve as TMP for that tax year. In such circumstances, paragraph (f) allows certain partners to designate a TMP; nevertheless, the designation still must conform with paragraph (b), which in this circumstance means that a person who is a general partner at the time of TMP designation may properly be designated as such. Because Alistar was at all times a limited partner, paragraph (f) cannot work in its favor.

## II. Recognition of Alistar as TMP

■ Alistar asserts that defendant has recognized it as TDV 1983–14's TMP because defendant addressed an April 6, 1990 FPAA to it in its capacity as TMP. Defendant counters that this FPAA was "merely sent to Alistar as a precautionary measure and did not constitute a designation or recognition of Alistar as the TMP of TDV 1983–14." Defendant explains that the

---

4. Defendant also argues in this regard that Dobbins, Burr, Crestwood, and Lindsey & Hall were not properly admitted to the partnerships in question as general partners because they did not obtain the written consents of all the partners and did not file an amendment to the certificates of limited partnership. This court takes no position on this matter because of the ruling, *supra,* that, without assuming unlimited liability, the aforementioned partners could not properly be considered general partners.

5. In its motion to dismiss, defendant raises several other alleged defects with plaintiffs-partners' petitions that could result in depriving this court of subject matter jurisdiction. However, because of the ruling, *supra,* this court need not reach those issues.

6. This section reads as follows:

(1) In general. A tax matters partner may be designated for a partnership taxable year under this paragraph (f) only if, at the time the designation is made, each partner who was a general partner at the close of such partnership taxable year is described in one or more of the following subdivisions of this paragraph (f)(1).
(i) The general partner is dead, or, if the general partner is an entity, has been liquidated or dissolved;
(ii) The general partner has been adjudicated by a court of competent jurisdiction to be no longer capable of managing his or her person or estate;
(iii) The general partner's partnership items have become nonpartnership items under section 6231(b); or
(iv) The general partner is no longer a partner in the partnership.

FPAA giving rise to Alistar's February 13, 1990 petition for readjustment was mailed to Adams as TDV 1983–14's TMP on November 17, 1989, with copies sent to Alistar as notice partner on December 5, 1989. As defendant notes, the April 1990 FPAA is not probative of whether Alistar had been validly appointed as TDV 1983–14's TMP as of February 13, 1990, the date Alistar filed its petition for readjustment in this case. Whether or not defendant recognized Alistar as TMP at some point after Alistar had filed its petition for readjustment, nothing indicates that Alistar was TDV 1983–14's TMP at the time it filed the petition. Consequently, this court lacks jurisdiction over the case because the petition was not filed by the TMP.

III. Inherent power of the court to designate a TMP

All the plaintiffs-partnerships in these cases also argue that this court may use its inherent power to designate Dobbins, Burr, Crestwood, Lindsey & Hall, and Alistar as TMPs. In *Computer Programs Lambda, Ltd. v. Comm'r*, 90 T.C. 1124 (1988), the Tax Court used its inherent power to appoint a limited partner as TMP in a case that was properly before it because a notice partner had filed a petition in compliance with § 6226(b)(1). Without a TMP, the court ruled, the interests of partners could have been adversely affected in the course of the litigation because there was no assurance that the partners would receive sufficient information concerning the litigation to protect their interests. *Id.* at 1126–27.

Here, the cases are not properly before the court because the petitions were not properly filed. Consequently, this court has no inherent power to appoint anyone as TMP, and no interests will be adversely affected through the course of litigation because this court has no jurisdiction to entertain these cases.

IV. Ratification of the defective petitions

Because of the ruling regarding Dobbins, Burr, Crestwood, Lindsey & Hall, and Alistar, plaintiffs-partnerships would like this court to allow Adams and Cofman to ratify the petitions if they are still eligible to be TMPs. Both USCCR 17(a) and the Tax Court decision in *Montana Sapphire Assoc. v. Comm'r*, 95 T.C. 477 (1990) appear at first glance to support plaintiffs-partnerships' position. However, as defendant points out, I.R.C. § 6226(e)(1) works against plaintiffs-partnerships.

In cases before the Claims Court or district court, § 6226(e)(1) requires that the partner filing the readjustment petition deposit with the Secretary of the Treasury the increase in the partner's liability which would occur if the partner's return were made consistent with the FPAA. Such a deposit must be made prior to or on the day of filing the petition. *Id.* The I.R.C. does not impose a deposit requirement on partners filing petitions in Tax Court. Again, applying the plain meaning of the statute, this court finds that ratification is not permissible here because Adams and Cofman cannot satisfy the statutory demand that they make deposits by the time of filing since the petitions have already been filed.

Because a petition filed in Tax Court does not encounter a deposit jurisdictional requirement such as it would in the Claims Court or the district court, Tax Court opinions do not support plaintiffs-partnerships' ratification argument in this court.

CONCLUSION

For the foregoing reasons, defendant's motions to dismiss are granted. The clerk will dismiss the petitions. No costs.