Grafton
No. 97-048

MUNDACA INVESTMENT CORPORATION

v.

DORIS M. FEBBA & a.

April 16, 1999

*Haughey, Philpot & Laurent, P.A.*, of Laconia (*Paul C. Bordeau* on the brief and orally), for the plaintiff.

*Brown, Olson & Wilson, P.C.*, of Concord (*Howard B. Myers* and *Shaela McNulty Collins* on the brief, and *Mr. Myers* orally), for the defendants.

BROCK, C.J. The defendants, Doris M. Febba, Thomas G. Scurfield, and Linda L. Kendall, appeal the Superior Court's (*Smith*, J.) grant of summary judgment in favor of the plaintiff, Mundaca Investment Corporation (Mundaca), holding the defendants personally liable for amounts due on two promissory notes. We reverse and remand.

The defendants served as trustees of the L.T.D. Realty Trust (trust). On July 28, 1987, they purchased two condominium units for the trust. To finance this transaction, the defendants executed two promissory notes, secured by two mortgages, payable to the order of Dartmouth Savings Bank (bank). At the end of both notes below the signature line, the name of each defendant was typewritten beside the preprinted term "Borrower." Following their signatures, each of the defendants handwrote the word "Trustee." While both promissory notes state that they are secured by a mortgage, the trust is not identified on the face of the notes. The trust, however, is identified as the "Borrower" in both mortgages.

On August 19, 1993, Mundaca acquired the two notes from the Federal Deposit Insurance Corporation as receiver for the bank. By letters dated October 28, 1994, Mundaca notified defendants Scurfield and Febba that the two promissory notes were in default. Mundaca foreclosed on the condominium units and filed suit against the defendants individually for the remaining amount due on the notes. Both Mundaca and the defendants moved for summary judgment. The defendants' motion for summary judgment was denied. In granting Mundaca's motion for summary judgment, the trial court ruled that the form of the defendants' signatures — "[defendant's signature], Trustee" — did not show unambiguously that the defendants were signing in a representative capacity. *See* RSA 382-A:3-402(b) comment 2 (1994). The trial court then ruled that the defendants failed to meet their burden of proving that Dartmouth Savings Bank did not intend to hold them personally liable. *See* RSA 382-A:3-402(b)(2) (1994). This appeal followed.

On appeal, the defendants argue that reading the notes and mortgages together shows unambiguously that they signed in a

representative capacity for the trust as the identified principal, and therefore they are not personally liable under RSA 382-A:3-402(b)(1) (1994). Alternatively, the defendants contend that the trial court erred in granting Mundaca's motion for summary judgment because there was a genuine issue of material fact regarding whether the original parties intended the defendants to be personally liable. *See* RSA 382-A:3-402(b)(2).

The trial court applied RSA 382-A:3-402 (1994), and the parties do not dispute that this version of the statute governs the defendants' liability. Accordingly, we will assume for purposes of this appeal that this version of the statute applies. *But see, e.g., Barnsley v. Empire Mortgage Ltd. Partnership V*, 142 N.H. 721, 723, 720 A.2d 63, 64 (1998). RSA 382-A:3-402 (1994) provides in pertinent part:

> (b) If a representative signs the name of the representative to an instrument and the signature is an authorized signature of the represented person, the following rules apply:
>
> (1) If the form of the signature shows unambiguously that the signature is made on behalf of the represented person who is identified in the instrument, the representative is not liable on the instrument.
>
> (2) Subject to subsection (c), if (i) the form of the signature does not show unambiguously that the signature is made in a representative capacity or (ii) the represented person is not identified in the instrument, the representative is liable on the instrument to a holder in due course that took the instrument without notice that the representative was not intended to be liable on the instrument. With respect to any other person, the representative is liable on the instrument unless the representative proves that the original parties did not intend the representative to be liable on the instrument.

The defendants argue that under RSA 382-A:3-402(b)(1), the handwritten term "Trustee" appearing next to their signatures on the notes shows unambiguously that the signatures were made in a representative capacity. Further, the defendants argue that while the promissory notes did not explicitly identify the trust, the notes and mortgages read together reveal that the term "Borrower" is identified as the trust. Accordingly, the defendants argue that they are not personally liable.

RSA 382-A:3-402(b)(1) requires that the form of the representative's signature show unambiguously that the signature is

made on behalf of the represented person who is identified *in the instrument*. The defendants concede that the instruments in this case are the two promissory notes. The defendants, however, argue that fundamental contract law requires that the notes and mortgages be read together to interpret the contracting parties' intentions. General principles of contract law only apply to negotiable instruments if not displaced by the Uniform Commercial Code. *See* RSA 382-A:1-103 (1994). Accordingly, we hold that because the represented person, in this case the trust, is not identified in the *instrument* as required by RSA 382-A:3-402(b)(1), this case falls squarely under RSA 382-A:3-402(b)(2).

Pursuant to RSA 382-A:3-402(b)(2), the defendants could be personally liable in two situations: (1) to a holder in due course who takes the instrument without notice that the defendants did not intend to be personally liable; and (2) to any other party unless the defendants prove that the original parties did not intend them to be personally liable. While the trial court did not address the first situation, it ruled that the defendants failed to meet their burden of proving that the original parties did not intend them to be personally liable. The defendants contend, however, that summary judgment was inappropriate because there was a genuine issue of material fact as to the intent of the original parties. We agree.

"When reviewing a motion for summary judgment, the court must consider the evidence in the light most favorable to the party opposing the motion and take all reasonable inferences from the evidence in that party's favor." *Barnsley*, 142 N.H. at 723, 720 A.2d at 64 (quotation omitted). "Summary judgment is appropriate when the evidence demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Grossman v. Murray*, 141 N.H. 265, 269, 681 A.2d 90, 93 (1996); *see* RSA 491:8-a, III (1997).

 Our review of the record reveals a disputed issue of material fact as to the intent of the original parties, *i.e.*, Dartmouth Savings Bank and the defendants. While the notes do not explicitly identify the trust as the represented party, the mortgages show that the defendants signed in a representative capacity and identify the trust as the "Borrower." *See* RSA 382-A:3-402(b)(1). Furthermore, the record contains conflicting affidavits by the defendants and Heidi Postupack, the bank's loan officer who handled this transaction. The defendants' affidavits claim that they intended to sign the notes as representatives of the trust. Conversely, Postupack's affidavit states that she understood that the bank intended the

defendants to be personally liable, jointly and severally, on the notes. Considering this evidence in the light most favorable to the defendants, *see Barnsley*, 142 N.H. at 723, 720 A.2d at 64, we conclude that a genuine issue of material fact exists as to the bank's intent regarding the defendants' personal liability on the notes.

As noted earlier, the trial court did not address whether Mundaca was a holder in due course who took without notice that the defendants did not intend to be personally liable on the notes. *See* RSA 382-A:3-402(b)(2). Because the record before us is silent on this matter, we leave this issue for the trial court on remand.

The defendants also argue that the mortgages act as a defense to their alleged personal liability on the notes. This argument is without merit. The mortgages only provide a defense to the defendants' alleged personal liability on the notes to the extent that the mortgages modify, supplement, or nullify their obligation on the notes. *See* RSA 382-A:3-117 (1994). The defendants argue that it is clear that the mortgages modify and supplement the notes. We disagree. What is clear is that the mortgages were issued as collateral for the notes. What is unclear by reading the notes and the mortgages is the identity of the "Borrower." We have already held that the identity of the "Borrower" is a material issue of fact in dispute.

Accordingly, we reverse the grant of summary judgment and remand this case to the trial court for further proceedings consistent with this opinion.

*Reversed and remanded.*

All concurred.